## S. C. MURPHY v. CHICAGO, GREAT WESTERN RAILWAY COMPANY, Appellant.

**Railroads:** INJURY TO SWITCHMAN: INSTRUCTION. Plaintiff, a switchman, was riding the footboard at the front of the engine for the purpose of making a coupling, and claimed that the engine was moving at a dangerous speed; that upon approaching the car he noticed that the drawbar was not in a position to make the coupling and signaled the engineer to stop; the signal not being heeded and believing he had no time to escape, and that to save himself it was necessary to push the drawbar of the engine in line with that of the car, he did so and was injured. The instruction submitting plaintiff's theory of the case is held to require a finding of all the elements necessary to plaintiff's recovery, and not subject to the objection that it erroneously assumed that if the engineer failed to heed the stop signal, and approached the car at a dangerous speed, plaintiff was justified in acting upon the belief that the drawbar was defective and out of alignment, and that he would be crushed between the engine and car.

**Same:** NEGLIGENCE: EMERGENCY: PROXIMATE CAUSE: EVIDENCE. It is necessary for a switchman, injured while attempting to couple an engine with a car, to show that the emergency in which he acted was the result of the company's negligence; but proof that the engine was running at an excessive speed, that plaintiff had given signals to slow up and to stop and finally an emergency signal, all of which were unheeded, and as a consequence he believed that he was unable to escape and in danger of being crushed by the nonalignment of the engine drawbar with that of the car, an emergency was shown justifying plaintiff's action in attempting to align the drawbar; and the engineer's negligence was the proximate cause of his injury received while thus attempting to make the coupling.

**Negligence.** To constitute negligence it is not necessary that one foresee the result of his act; it is sufficient if what does occur is the probable consequence of his act.

**Weight of evidence:** CREDIBILITY: INSTRUCTION. Where the court carefully instructs regarding the various elements to be considered in weighing the testimony and as affecting the credibility

of the witnesses, special reference to the alleged perjury of a witness is not necessary.

**Negligence:** WEIGHT AND SUFFICIENCY OF EVIDENCE. Where the evidence tends to show defendant's negligence and plaintiff's freedom from negligence, and that defendant's negligence was the proximate cause of plaintiff's injury, even though not sustained by the greater number of witnesses, a verdict for plaintiff will not be disturbed.

**Negligence:** EMERGENCY: REASONABLE CARE. A switchman in coupling cars is only required to act in an emergency with reasonable and ordinary care for his own safety, and the fact that he does not pursue the safest course will not defeat recovery.

*Appeal from Bremer District Court.*—Hon. Clifford P. Smith, Judge.

Monday, November 23, 1908.

Suit to recover damages for a personal injury. There was a verdict and a judgment thereon for the plaintiff, from which the defendant appeals.—*Affirmed.*

*Geo. H. Carr, Parker, Hewitt & Wright,* and *Hagemann & Farwell,* for appellant.

*Sager & Sweet,* for appellee.

Sherwin, J.—The plaintiff was injured while engaged in switching in the defendant's yard at Dubuque. He had been in the employ of the defendant as a brakeman for some little time prior to the accident, but had never theretofore engaged in the work of switching in yards. On the night in question he was called from his bed by the yard foreman, and directed to go into the yard and assist in switching in place of some of the regular switching crew. When he reached the yard, he was provided with a lantern by the yard foreman, and directed to

follow a certain engine and work in connection therewith. He received his injury shortly after midnight. He was at the time riding on the footboard of the engine which was approaching a car that was to be moved. The evidence tended to show that the engine was moving toward the car at the rate of six to seven miles an hour, and that, when within some fifteen feet of the car, the plaintiff discovered that the drawbar of the car was not in line, and gave the engineer a signal to stop; that the engine was not stopped upon his signal, nor at all, but continued to move toward the car at a rapid rate of speed; that, when the plaintiff discovered that his signal to stop was not heeded, the engine and the car were so close together that he thought it dangerous to attempt to escape from between them, and that, to save himself from being crushed by the impact, he attempted with his foot to push the drawbar of the engine in line with the drawbar of the car, but that he was unable to do so, so that they would couple, and the impact of the engine and car dislodged him from his position in such manner that his foot was caught and crushed. The specific acts of negligence with which the defendant was charged were moving the engine to the car at a fast and dangerous rate of speed, in bringing the engine against the car with unusual and excessive force, and in failing to heed the signals to stop which were given by the plaintiff. The plaintiff alleged one or two other grounds of negligence; but, as they were withdrawn from the jury by the court's instructions, they need no further attention. The plaintiff claimed in his petition, and so testified on the trial, that, when he discovered that the drawbar of the car was out of alignment, he thought that the drawbars would pass when the impact came, and that he would be crushed between the cars unless he could so change the drawbar on the engine as to make a coupling, and that he placed his foot on the shank of the engine drawbar for the purpose of pushing it over

to meet the drawbar of the car, and thus avoid the danger of being crushed; that he was not using his foot for the purpose of making the coupling, but because he was holding on with his left, and using his lantern with his right for signaling, and that he used his foot only because of the emergency of the occasion.

The court instructed that, to entitle the plaintiff to recover, he must prove that, as the engine on the front of which he was riding approached the car in question, he made a proper signal for the engineer to stop the engine; that the engineer negligently failed to heed said signal, and moved the engine or permitted it to move to and against the car at an unusual, excessive, and dangerous rate of speed; that the plaintiff remained between the engine and car and put his foot against the drawbar of the engine for the purpose of pushing it in line with the drawbar of the car and to save himself from being crushed; that he did so because he believed he had not time to escape from between the engine and car, and believed it was necessary to push the drawbar of the engine in line with the drawbar of the car to save himself from being crushed; that negligence on the part of the engineer caused the plaintiff to put his foot against the engine drawbar, and was the proximate cause of the injury. The jury was further instructed that the plaintiff must prove himself free from contributory negligence.

*1. RAILROADS: injury to switchman: instruction.*

The defendant complains of the instruction just referred to, and says that it erroneously assumed that, if the engineer failed to heed the plaintiff's signal to stop and moved the engine against the car at an unusual and dangerous rate of speed, the plaintiff would be justified in believing and acting upon the belief that the drawbar was so defective and out of alignment that he would be crushed between the engine and the car, but this is manifestly a very strained construction of the language used; in fact,

we fail to draw any such inference from any part of the instruction. It required the jury to find all of the essential elements necessary to entitle the plaintiff to recover, and distinctly told the jury that, before a recovery could be had, it must be shown that the engineer negligently failed to heed the plaintiff's signal to stop. The instruction did not by inference even indicate that the alleged negligence of the engineer would justify the plaintiff in the belief that the drawbar was defective and out of alignment.

In the fifth instruction the jury was told that it was not "necessary for the plaintiff to prove that the drawbar of the car was actually defective, nor that he was actually in danger of being crushed between the engine and the car. It is necessary for the plaintiff to prove by preponderance of evidence that he believed and acted as stated in the last preceding instruction (the fourth), and that in thus believing and acting, and in remaining on the footboard of the engine as it approached the car, he exercised ordinary care and prudence according to the circumstances which actually surrounded him." This instruction is criticised on the ground that it makes the defendant the insurer of its employes against the consequences of their miscalculations and misjudgments. It is said that it ignores the rule of law applicable to acts of employees done in emergencies, and that, the plaintiff having failed to prove that the defendant had negligently created a real or an imagined peril, the instruction was erroneous. The appellant has evidently lost sight of the evidence in the case. As we have heretofore said, the evidence tended to show that the engine was running at an excessive rate of speed when it struck the car, and that the plaintiff had given a signal to stop which was not heeded. And, if it was true that the plaintiff placed his foot in a position of danger where it was in fact injured by the excessive force of the impact, as the evidence tended to show it was, there can be no

*2. SAME: negligency: emergency: proximate cause: evidence.*

question but what the defendant was negligent through its engineer in the manner charged.

Before a recovery could be had, it was, of course, necessary for the plaintiff to prove that the emergency under which he acted was produced by the negligence of the defendant; in other words, the ground of apprehension must be occasioned by the negligence of the defendant. It can hardly be questioned, we think, that this negligence on the part of the appellant was fully shown. The engine was running at an excessive rate of speed. Signals to slow up and to stop, and finally, an emergency signal, were given and unheeded. The plaintiff believed that he was in danger of being crushed by reason of the nonalignment of the drawbars, and by the excessive speed of the engine and the failure of the engineer to answer his signal to stop. An injury was inflicted upon him caused by the excessive impact, and, if the impact had not been so excessive, there would have been no injury, or, if the engineer had obeyed the signal to stop, there would have been no danger nor appearance of danger. The engineer was therefore guilty of negligence which caused the plaintiff to act as he did.

To constitute negligence on the part of the defendant, it is not necessary that the engineer foresee what might occur. It is sufficient to constitute negligence if what

3. Negligence.

does occur is the probable consequence of the defendant's act. *Hazzard v. Council Bluffs,* 79 Iowa, 106; *Osborne v. Van Dyke,* 113 Iowa, 557; *Burke v. Creamery Package Co.,* 126 Iowa, 730; *Watters v. Waterloo,* 126 Iowa, 199.

The ninth instruction, or a part thereof, is also criticised, but what we have said regarding the instructions already discussed disposes of the appellant's contention as to the ninth.

Instruction 13 directed the jury as to their duty in considering the evidence, the testimony of witnesses, etc.,

and the appellant complains thereof because it did not more specifically advise the jury as to the perjury of the plaintiff. No just complaint can be made of the instruction. It carefully called the attention of the jury to the various elements which might properly be considered in weighing the testimony, and as affecting the credibility of the several witnesses, and this was sufficient.

**4. WEIGHT OF EVIDENCE: credibility: instruction.**

A good many instructions were requested by the defendant, but, so far as they embodied the law applicable to this case, they were covered by the instructions given by the court.

The appellant's most serious contention is that the evidence fails to support the verdict of the jury; but, while it is true that the plaintiff was the only witness testifying as to the manner of his injury and as to the speed of the engine, the giving of signals, etc., as against the testimony of several witnesses for the defendant on these same questions, it can not be said as a matter of law that the defendant's witnesses should be believed because of their number rather than the plaintiff. As we have heretofore said, there was evidence tending to show negligence on the part of the defendant, and, if the testimony of the plaintiff is to be believed, he was free from contributory negligence, and the evidence further shows that the negligence of the defendant was the cause of the plaintiff's injury; and, such being the case, the verdict can not be disturbed.

**5. NEGLIGENCE: weight and sufficiency of evidence.**

The fact, if it be a fact, that the plaintiff did not take the safest or best course under the circumstances, will not defeat a recovery. All that the law required him to do in case of such an emergency was to act with reasonable and ordinary care, and this in the light of the circumstances as they appeared to him at the time. *Frandsen v. C., R. I.*

**6 NEGLIGENCE: emergency: reasonable care.**

& Pac. Ry. Co., 36 Iowa, 372; Haas v. C. M., etc., Ry., 90 Iowa, 259; McLeod v. C. & N. W. Ry., 104 Iowa, 139.

We find no error in the proceedings of the trial court, and, believing that the verdict and judgment are sufficiently supported by the evidence, the case must be, and it is, *affirmed.*