## Southern Bell Tel. & Tel. Co. *v.* Miller.

*Damages for Injury to Employee.*

(Decided November 7, 1914. Rehearing denied February 11, 1915. 68 South. 184.)

1. *Negligence; Wanton; Action.*—Wanton negligence is not established by proof of mere breach of duty; the proof must show knowledge on the part of defendant and its servants of conditions which would make a breach of such duty likely to result in the injury complained of.

2. *Same; Presumption.*—Because the rules of a telephone company required linemen to inspect poles before climbing them, would

[Southern Bell Tel. & Tel. Co. v. Miller.]

not warrant a finding that a telephone company's lineman had inspected and knew of defects in a pole which fell and injured plaintiff, in the absence of any other showing.

3. *Charge of Court; Covered by Those Given.*—The refusal of written instructions substantially covered by written instructions given is not error to reversal.

4. *Trial; Argument of Counsel.*—Notwithstanding the provisions of rule 19, Circuit Court Practice, it is within the discretion of the court to permit counsel for plaintiff to have a second argument in the case. although counsel for defendant had declined to make any argument.

5. *Negligence; Evidence.*—The evidence examined and held insufficient to carry to the jury a count relying on wanton negligence.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by J. W. Miller against the Southern Bell Telephone & Telegraph Company and others for damages for being struck by a pole falling. Judgment for plaintiff, and defendant named appeals. Reversed and remanded.

The original suit was against the Southern Bell, the People's Home Telephone Company, and the Birmingham Railway, Light & Power Company. The Birmingham Railway, Light & Power Company was stricken on motion of plaintiff, and judgment was had against the Southern Bell Company. The original complaint declared upon simple negligence. The second count was based upon the wilful, wanton, or intentional conduct of the servants or agents of defendant while acting within the line and scope of their employment, in that they wantonly, wilfully, or intentionally caused said pole to fall upon plaintiff with the knowledge that plaintiff would probably be injured thereby, and with reckless disregard of the consequences.

The evidence of J. L. Powell, referred to in the opinion, is as follows: A lineman climbing the pole can tell from the way the pole acts whether it is rotten, sometimes. If it is rotten as that (referring to part

of the pole that fell that had been produced in court) looks to be, he would be apt to know it was in that condition by climbing the pole. Coker, a lineman, had been in our employ I suppose about eight or six years. He was a good lineman. So far as I know, he performed his duty faithfully.

STOKELY, SCRIVENER & DOMINICK, for appellant.

W. A. DENSON, and N. D. DENSON, for appellee.

ANDERSON, C. J.—(1, 2) Under the repeated decisions of this court, wanton negligence is not established by proof of a mere breach of duty, but proof must show knowledge on the part of the defendant, or its servants, of the existence of conditions which would make it, or them, conscious that injury would likely or probably result as the proximate result of said breach of duty. In other words, there must be a knowledge or consciousness of the existence of conditions which would likely or probably result in injury, as distinguished from a mere negligent failure to discover said dangerous condition. In the case at bar, there was ample evidence from which the jury could infer negligence on the part of this defendant's servants for a failure to inspect and discover the rotten or defective condition of the pole which fell upon and injured this plaintiff, but there was no proof that any of the servants of the defendant knew of the defective or rotten condition of the pole prior to the injury. It is true that there was proof that two of the defendant's linemen climbed the pole in question a couple of times shortly prior to the injury, but there was no proof that they inspected the said pole or ascertained the defective condition of same. It is also most probable that an inspec-

tion of said pole would have led to a discovery of the defect, and, had the proof shown that an inspection was made, the jury could have well inferred a knowledge of the defect and a consciousness of the existence of danger and of the fact that a failure to replace the pole by a sound one would likely or probably result in injury to some one. There was, however, no proof that the linemen inspected the pole, and the only theory upon which plaintiff must rely to charge a knowledge of the defect is to presume that said linemen, or one of them, did inspect the pole before climbing same, because a rule of the company required them to do so. We do not think that the rules of evidence warrant this court in indulging in the presumption that the lineman knew of the defective condition of the pole simply because a rule of the company required them to inspect before climbing same. We must not and cannot presume or infer, from the mere existence of a rule, that the lineman complied therewith and that such a compliance led to the discovery of the defective condition of same. In the absence of some proof that the lineman inspected the pole or of some facts showing actual knowledge of the defective condition of same by the defendant's servants or agents, or of facts from which the jury could infer knowledge prior to the injury, the plaintiff did not establish the second or wanton count of his complaint. Nor did the proof create a reasonable inference that the lineman could not have climbed the pole without discovering its rotten condition. The plaintiff having failed to make out a case authorizing the submission of this count to the jury, the trial court erred in refusing the defendant's requested general charge as to said count.

(3) There is no merit in assignments of error 24, 25, 26, 27, 28, 30, 31, 32, 40, and 42. They relate to

charges most of which were manifestly bad, or, if any of them were good, they were covered by the defendant's given charges. It is sufficient to say that even if the pole was caused to fall by the trolley of the street railway, but would not have fallen but for its rotten condition, the jury could infer that the rotten condition of the pole was the proximate cause of the plaintiff's injury. Moreover, the trial court by charges 3, 4, and 7, given for the defendant, instructed a verdict for the defendant if the trolley wire was negligently permitted to jerk or jump and thereby proximately caused the breaking of the pole. Charges 14, 16, 9, and 41, refused defendant, were manifestly bad or were covered by the given charges.

The action of the trial court in refusing charge 20, requested by the defendant, if error, which we do not decide, was error without injury, as the trial court reduced the verdict by striking therefrom the sum received from the street railway company as a discharge for any liability on its part. The trial court committed no reversible error in ruling upon the evidence.

(4) The action of the trial court in permitting the plaintiff's counsel to make a second argument in the case—that is, to make one speech and then make another after the defendant's counsel declined to argue the case—did not violate Circuit Court Rules 19. Moreover, this identical action was held to be within the discretion of the trial court in the case of *M. & M. R. R. Co. v. Yeats,* 67 Ala. 164.

For the error above designated, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

McClellan, Mayfield, and Gardner, JJ., concur.

[Vines v. Vandegrift & Son.]

ON REHEARING.

ANDERSON, C. J.—(5) Notwithstanding this cause had been submitted some months previous to the preparation and consideration of the foregoing opinion, we did not have the benefit of a brief from the appellee. It is now suggested, upon application for rehearing, that the opinion takes no account of the last part of the evidence of one of the defendant's witnesses, J. L. Powell, and which was sufficient to carry the case to the jury upon the wanton count. This evidence will be set out by the reporter.

This application has been considered by the entire court, and, after a careful examination of the evidence relied on by the movant, we are of the opinion that it fails to establish notice or to create a reasonable inference that the defendant's agents or servants knew of the dangerous condition of the pole prior to the injury to the plaintiff. The application for a rehearing is, accordingly, overruled.

Application overruled. All the Justices concur.