(93 South. 512)

### DYE-WASHBURN HOTEL CO. v. ALDRIDGE.   (6 Div. 564.)

(Supreme Court of Alabama.   Jan. 19, 1922. Rehearing Denied May 11, 1922.)

1. **Appeal and error** &#61;415—**Notice of appeal to one defendant not required where record shows judgment to have been rendered against codefendant only.**

Where the court directed a verdict for one of the defendants, and neither the certificate to the transcript by the clerk nor the certificate on file required by Act Feb. 15, 1919 (Acts 1919, p. 85) § 3, mentioned such defendant as one of the parties, and such defendant did not appeal from the judgment, it was not necessary to give such defendant notice of the appeal under Code 1907, § 2884, as amended by Acts 1911, p. 589, though the minutes recited that the judgment was rendered for the plaintiff against the "defendants"; it being apparent from the record as a whole that the letter "s" was placed after the word "defendant" in the judgment inadvertently in copying it from the minutes.

2. **Innkeepers** &#61;10—**Required to keep premises in safe condition.**

A hotel keeper must keep premises, where a guest is reasonably expected to go, in a safe condition, and is liable for injuries to a guest proximately caused by negligent failure to so do.

3. **Innkeepers** &#61;10—**Whether screen which fell upon and injured guest was insecurely fastened or in a defective condition due to negligence held for jury.**

In action against hotel keeper for injuries to guest struck by window screen after screen had been knocked out of window by other guest and had fallen through skylight, in which there was conflicting testimony on the question of whether the screen had not been safely fastened or was in a defective condition due to the negligence of the general manager, the question of such negligence was one for the jury.

4. **Innkeepers** &#61;10—**Whether defective condition of window screen which fell upon and injured guest was proximate cause of injuries held for jury.**

In action against hotel keeper for injuries to guest struck by screen after other guest had accidentally knocked screen out of window down through skylight in which the jury could have believed from the evidence that the screen would not have fallen but for the fact that it was insecurely or unsafely fastened, the question of whether the negligence of the hotel keeper in permitting screen to remain unsafely fastened was the proximate cause was a question for the jury.

5. **Innkeepers** &#61;10—**Insecure fastening of screen not proximate cause of injuries to guest if intervening blow of other guest would have knocked screen out regardless of condition.**

If blow of guest which knocked out window screen which fell through skylight and injured other guest was sufficient in and of itself to knock screen out of window even though screen had not been insecurely fastened, the negligence of the hotel keeper in permitting the screen to remain in a defective or insecure condition would not have been the proximate cause of the injury.

6. **Trial** &#61;140(1)—**Credibility of evidence for jury.**

The credibility of the evidence was for the jury.

7. **Appeal and error** &#61;1005(4)—**Overruling of motion for new trial for insufficiency of evidence not disturbed, where verdict was not clearly against weight of evidence.**

Where the verdict of the jury was not clearly against the weight of the evidence, the overruling of a motion for a new trial on the ground that the verdict was contrary to the weight of the evidence will not be disturbed on appeal.

8. **Trial** &#61;194(16)—**Instruction held on weight of evidence.**

In action against hotel keeper for injuries to guest struck by screen falling through skylight, in which it was claimed that the hotel keeper was negligent in permitting the screens to remain insecurely fastened, requested instruction that the jury could not "find for the

---

&#61;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff on account of the condition of the screen and the manner in which it was placed and held in the window" *held* to invade the province of the jury, being a declaration by the court on the effect of the evidence without hypothesis.

**9. Trial ⬪═240—Requested instruction held properly refused as argumentative.**

In action against hotel keeper for injuries to guest struck by screen falling through skylight, in which it was claimed that the hotel keeper was negligent in permitting the screens to remain insecurely fastened, requested instruction that "the court charges the jury that if they find that the screen was not in good condition, and also find that the skylight would not have broken if it had been properly protected, and further find from the evidence that the witness T. knocked the window out, but for which fact the accident would not have happened, they will find for the defendants," *held* properly refused, being argumentative.

**10. Trial ⬪═191(7)—Requested instructions assuming fact in issue held properly refused as on weight of evidence.**

In action against hotel keeper for injuries to guest struck by screen falling through skylight, in which it was claimed that the hotel keeper was negligent in permitting the screens to remain insecurely fastened and in which there was an issue as to whether the blow of other guest knocking screen out of window was the proximate cause, requested instructions assuming that the act of the other guest was sufficient to cause the injuries *held* properly refused as on the weight of the evidence.

**11. Trial ⬪═253(4) — Requested instruction held properly refused as elliptical.**

In action against hotel keeper for injuries to guest struck by screen falling through skylight, in which it was claimed that the hotel keeper was negligent in permitting the screens to remain insecurely fastened, requested instruction that "the court charges the jury that the burden of proof on the plaintiff to reasonably satisfy the jury by the evidence that the defendant was guilty of negligence which proximately caused the injury, and there is no presumption that negligence caused the injury, arising from the near happening of the accident or injury which plaintiff suffered," *held* properly refused as elliptical.

**12. Trial ⬪═260(1)—Refusal of requested instruction covered by given charge not error.**

Under Code 1907, § 5364, as amended by Acts 1915, p. 815, refusal of an instruction substantially and fairly covered by the written charge is not error.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action for damages by Mary Pauline Aldridge against the Dye-Washburn Hotel Company. Judgment for plaintiff. From an order denying a motion for new trial, defendant appeals. Affirmed.

The charges covered by assignments of error 6, 7, 8, and 9 read as follows:

"Charge 7. The court charges the jury that if they find from the evidence that the witness Trice knocked a window screen out and caused it to fall on the skylight and break the skylight and injure the plaintiff, they will find for the defendants.

"Charge 8. The court charges the jury that if they find from the evidence that the witness Trice knocked the window screen out and caused it to fall upon the skylight and break the same and injure the plaintiff, and the accident would not have happened if the witness Trice had not knocked the window screen out, you will find for the defendants.

"Charge 9. The court charges the jury that if they find that the screen was not in good condition, and also find that the skylight would not have broken if it had been properly protected, and further find from the evidence that the witness Trice knocked the window out, but for which fact the accident would not have happened, they will find for the defendants.

"Charge 10. The court charges the jury that they cannot find for the plaintiff on account of the condition of the screen and the manner in which it was placed and held in the window."

The charge covered by assignment of error No. 10 reads:

"The court charges the jury that the burden of proof on the plaintiff to reasonably satisfy the jury by the evidence that the defendant was guilty of negligence which proximately caused the injury, and there is no presumption that negligence caused the injury, arising from the near happening of the accident or injury which plaintiff suffered."

Charge 15 given at defendant's request reads:

"If the plaintiff has failed to reasonably satisfy the jury by the evidence that the defendant was guilty of negligence, you cannot presume the existence of negligence from the fact that plaintiff suffered an injury by the breaking and falling of the glass."

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

The defendant was under no duty to anticipate that one of its guests would knock the window screen out of the window and onto the skylight. 132 La. 177, 61 South. 157; 161 Ala. 489, 50 South. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; 192 Ala. 665, 69 South. 73; 196 Ala. 634, 72 South. 254. The injury must be ascribed to the last cause, and the condition of the window was a mere condition or remote cause of which the law will not take cognizance. 146 Ala. 404, 41 South. 17; 204 Ala. 649, 87 South. 168; 106 Ala. 254, 17 South. 517; 196 Ala. 634, 72 South. 254; 166 Ala. 482, 52 South. 86; 97 Ala. 194, 11 South. 894, 21 L. R. A. 316, 38 Am. St. Rep. 179. The charges made the basis of assign-

ments of error 6, 7, 8, and 9 should have been given at defendant's request.

Brown & Denson, of Birmingham, for appellee.

It is the duty of an innkeeper to maintain his premises in a condition of reasonable safety, and if he fails to do so he is liable for injuries to a guest proximately caused by his negligence. 222 Pa. 395, 71 Atl. 841, 20 L. R. A. (N. S.) 1027, 128 Am. St. Rep. 814; 154 N. C. 270, 70 South. 395, Ann. Cas. 1912A, 1209; 187 Fed. 956, 112 C. C. A. 1; 138 App. Div. 114, 122 N. Y. Supp. 900. A person guilty of negligence should be held responsible for all consequences which a prudent man, fully acquainted with the circumstances, would have thought reasonably possible to follow. 123 Ala. 233, 26 South. 349; 188 Ala. 262, 66 South. 95; 196 Ala. 4, 71 South. 183; 146 Ala. 404, 41 South. 17. Intervening responsible cause. 91 Ala. 496, 8 South. 406, 11 L. R. A. 146; 192 Ala. 346, 68 South. 184; 99 Me. 364, 59 Atl. 442, 3 Ann. Cas. 57; 63 Fed. 400, 11 C. C. A. 253, 27 L. R. A. 583; 196 Ala. 52, 71 South. 685; 205 Ala. 83, 87 South. 837.

MILLER, J. This case was submitted on motion to dismiss the appeal and on the merits. The appellee moves to dismiss the appeal because it was from a judgment against appellant and H. P. Dye. Dye did not appeal and no notice by summons or publication was given him of the appeal as required by act approved April 21, 1911 (Acts 1911, p. 589, amending section 2884, Code 1907), and there has been no severance.

The certificate to the transcript by the clerk of the court recites it contains proceedings in the cause, wherein "Mrs Mary Pauline Aldridge is plaintiff and the Dye-Washburn Hotel Company is defendant." The name of H. P. Dye is not mentioned therein. The certificate on file, required by section 3 of an act approved February 15, 1919 (Laws 1919, p. 85) to be made by the clerk when an appeal is taken, contains the names of the parties to the cause as follows: "Dye-Washburn Hotel Company (defendant) appellant versus Mary P. Aldridge (plaintiff) appellee." The name of H. P. Dye is not mentioned therein as a party.

The court in its oral charge to the jury stated:

"The suit, as last amended, is against H. P. Dye, defendant, the Dye-Washburn Hotel Company, a corporation, and against—do you withdraw as to the Hillman Hotel Company?

"Mr. Brown: 'Yes, sir; I understood that was out.'

"The Court: So there, gentlemen, are the only two defendants before you, by the pleadings in the case; H. P. Dye and the Dye-Washburn Hotel Company. I will give you a charge, however, which is asked in writing which will eliminate the defendant H. P. Dye, under the evidence in the case. Therefore, the suit is between the plaintiff, so far as your consideration is concerned, and the defendant the Dye-Washburn Hotel Company. I say that so that you may get clearly in your minds the parties in the case, because there have been different parties in it from the beginning, and elimination by pleadings, and so forth. So there are only two parties—the plaintiff and the defendant Dye-Washburn Hotel Company."

This directly eliminated H. P. Dye as a party defendant. The court also gave the jury this written charge:

"(6) If the jury believe the evidence, they cannot find for the plaintiff and against the defendant H. P. Dye."

The verdict of the jury was in the following words:

"'We the jury, find for the plaintiff and assess her damages at twenty-five hundred ($2,-500) dollars,' as shown by the minutes of the court."

[1] The minutes containing the judgment do not state the names of the parties; after reciting the verdict of the jury, a judgment is rendered thereon in favor of plaintiff and against the defendants. The plural and not the singular of defendant is used. The names of the parties are not given. This plural—defendants—is the only evidence in the entire record indicating a judgment against H. P. Dye. Taking the record as a whole, we must conclude that this letter "s" after the word defendant in the judgment, as shown by the transcript, was inadvertently placed there by the clerk in copying it from the minutes. All the record evidence, except that letter "s" after defendant, is to the effect that H. P. Dye was not a defendant; that he was eliminated from the case. As there was no judgment against H. P. Dye, there was no necessity for the clerk of the circuit court, or for this court, to give H. P. Dye notice of the appeal taken by the Dye-Washburn Hotel Company, by summons or publication as required by section 2834 of the Code of 1907, as amended by Acts 1911, p. 589. The case is properly before this court on its merits on appeal by appellant. Hence the motion of appellee to dismiss the appeal is refused.

The plaintiff, Mrs. Mary P. Aldridge, was a guest of the Hillman Hotel in Birmingham. It was operated by the defendant the Dye-Washburn Hotel Company, a corporation. H. P. Dye was defendant's general manager in charge of the hotel. Mrs. Aldridge was sitting on the mezzanine floor, at a place provided for guests of the hotel. There was a skylight over this floor, which is in the second story of the building. The walls of the building above the skylight form an inner court in the shape of the letter "U" and extend up several stories. There are windows in each room around the inner

court; they are screened. The glass of the skylight over the mezzanine floor is about 10 feet from the inner court wall of the building, and under the screened windows of the rooms of the stories above. G. A. Trice, a guest of the hotel, occupied one of the inner court rooms, two stories above the skylight. He opened his suit case, and several roaches ran out; some went on the bed, some ran on the floor and one ran on the inside of the screen window. He commenced killing them by striking them with a towel, which was between 5 and 6 feet long [a dry, army, bath towel]. He struck the screen in the window with the towel several times in an effort to kill the roach running on it. The last stroke from the towel on the screen knocked the screen out of the window. It fell on the skylight below, broke it, and the broken glass fell on and cut Mrs. Aldridge seriously in several places.

[2] The hotel keeper must furnish safe premises for the guests, which they may use in the ordinary and reasonable way without danger; and if any guest, while using the building where she is reasonably expected to go, is injured by a defective condition of the building, the manager is liable for the injuries to his guest that are proximately caused by his negligence in the defective condition. The law is clearly stated as follows in 14 R. C. L. p. 508, § 14:

"The law imposes a duty on an innkeeper to furnish safe premises to his guests, * * * which may be used by them in the ordinary and reasonable way without danger, but this duty is limited to those parts of the premises to which a guest may be reasonably expected to go. The duty of a proprietor to exercise reasonable care for the safety of those he entertains is not contractual, but is imposed by law by reason of the relation of the parties. Though it is generally held that an innkeeper is not an insurer of his guests' safety, and that his responsibility is limited to the exercise of reasonable care." 14 R. C. L. p. 508, § 14, headnotes 13, 14, 15, and 16, and authorities there cited.

Mrs. Aldridge was a guest of the hotel. She was injured. At the time of the injury she was at a place in the building where a guest had a right to go and was reasonably expected to go. She was injured by falling glass from a broken skylight above her, which was broken by a window screen being knocked out of a window on it by a guest of the hotel while in his room, striking with a towel at a roach running on the wire screen. Was this screen window which was a part of the building in a defective condition, not safely fastened at the time? If yea, then was this defective condition of the premises due to the negligence of defendant, its servants or agents while acting in the line and scope of their employment?

[3] There was evidence from which the jury could reasonably infer that this screen in this window was, or was not, safely fastened, and was, or was not, in a defective condition; and if defective, not safely fastened, there was evidence from which they might reasonably decide that it was due to the negligence of the general manager of the defendant who testified:

"It was my duty to look after those screens and have them inspected and see they were in proper condition."

These questions were, under the conflicting tendencies of the evidence, properly submitted to and left with the jury to answer.

Was the defendant guilty of negligence in failing to keep the screen fastened with reasonable safety in the window? If yea, was that negligence the proximate cause of the injury to the plaintiff; or was the new intervening stroke of Trice, the guest, in striking the screen, sufficient of itself to be alone the cause, and was the injury of the plaintiff caused as a proximate consequence from this blow of the guest on the screen? On this subject, in Armstrong v. Montgomery St. Ry. Co., 123 Ala. 233, 26 South. 349, this court, speaking through Chief Justice McClellan, said:

"The logical rule in this connection, the rule of common sense and human experience as well (if indeed there can be a difference between a logical doctrine and one of common sense and experience, as some authorities appear to hold), is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind. 1 Sher. & Red. Negligence, § 29."

See, also, A. G. S. R. Co. v. Arnold, 80 Ala. 600, 2 South. 337; L. & N. R. R. Co. v. Quick, 125 Ala. 553, 28 South. 14; Western U. T. Co. v. Favish, 196 Ala. 4, 71 South. 183.

In Mobile & Ohio R. Co. v. Christian Moerlein Brew. Co., 146 Ala. 407, 41 South. 18, this court wrote:

"And we adopt what Addison says on the subject: 'If the wrong and the resulting damage are not known by common experience to be naturally and usually in sequence, and the damage does not, according to the ordinary course of events, follow from the wrong, then the wrong and damage are not sufficiently conjoined and concatenated as cause and effect to support an action.' Cooley on Torts, p. 73, § 69. Mr. Bishop, in stating the same principle, says: 'If, after the cause in question has been in operation, some independent force comes in and produces an injury, not in its natural or probable effect, the author of the cause is not responsible.' Bishop on Noncontract Law, §§ 41, 42; Wharton on Law of Neg. § 75; Shearman & Red. on Neg. § 26."

In Thompson v. L. & N. R. R. Co., 91 Ala. 501, 8 South. 408, 11 L. R. A. 146, Justice Coleman wrote:

"If the original wrong becomes injurious only in consequence of some distinct wrongful act or omission by another, the injury shall be imputed to the last wrong. But, if the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person, and does actually result in injury, through the intervention of causes which are not wrongful, the injury shall be referred to the wrongful cause."

See, also, So. Bell Tel. Co. v. Miller, 192 Ala. 346, 68 South. 184, where this court, speaking through Chief Justice Anderson, said:

"It is sufficient to say that even if the pole was caused to fall by the trolley of the street railway, but would not have fallen but for its rotten condition, the jury could infer that the rotten condition of the pole was the proximate cause of the plaintiff's injury."

[4] In this case it is sufficient to say that if the jury believed from the evidence that even if the screen was caused to fall by the blow of the guest, but would not have fallen but for its being insecurely or unsafely fastened in the window, the jury could infer from the evidence that the unsafe fastening of the screen in the window was the proximate cause of plaintiff's injuries. So. Bell Tel. Co. v. Miller, 192 Ala. 350, 68 South. 184.

In Miles v. Hines, 205 Ala. 86, 87 South. 840, Justice Sayre wrote and approvingly quoted:

"It is a commonly recognized principle of law—'that if a new force or power intervenes, sufficient of itself to stand as the cause of the misfortune, the other must be considered as too remote.'"

See, also, Thompson v. L. & N. R. R. Co., 91 Ala. 496, 8 South. 406, 11 L. R. A. 146; 29 Cyc. 499, 500.

[5] If the screen was unsafely fastened in the window, and the new force or power, the intervening blow of the guest, was sufficient in and of itself to stand as the cause of the misfortune, then the defective or insecure fastening of the screen in the window would be the remote, and the independent, intervening blow of the guest would be the proximate, cause of the injury. Thompson v. L. & N. R. Co., 91 Ala. 496, 8 South. 406, 11 L. R. A. 146; Miles v. Hines, 205 Ala. 86, 87 South. 837; Briggs v. Birmingham, R. L. & P. Co., 188 Ala. 262, 66 South. 95; 29 Cyc. 499, 500.

These are the material inquiries under the law and evidence in this case. Was the defendant guilty of negligence in failing to have or to keep the screen fastened with reasonable safety in the window? If nay, then the defendant would not be liable for the injury to the plaintiff. The act of the guest would then be the sole cause of the injury. If that question is answered affirmatively from the evidence, then defendant would be liable for plaintiff's injuries; if the new, intervening act of Trice, the guest, in striking with the towel the screen from the window, was insufficient of itself to stand as the cause of the injury, but for the screen being unsafely fastened in the widow; and if the defendant had inspected the screen this would have led to a discovery of the defect that it was unsafely fastened, and that a failure to fasten it safely would naturally, or in probable effect, according to the ordinary course of events, prove injurious to some person by its falling on the glass skylight below over the mezzanine floor, where guests congregate; and if it did actually result in injury to the plaintiff through this act of the guest, and if this act of the guest was an act likely to occur, in the natural, ordinary, or probable use of the room by a guest. Authorities, supra.

The evidence or reasonable inferences therefrom, on some of these material issues in the case, was in conflict; hence the general affirmative charge, with hypothesis, for defendant was properly refused.

[6, 7] The credibility of the evidence was for the consideration of the jury. The verdict of the jury was not clearly against the weight of the evidence. The witnesses were examined orally before the trial judge in the presence of the jury. The motion for a new trial, based on the ground that the verdict was contrary to the weight of the evidence, was overruled by him. This ruling is not clearly wrong; hence this court will refuse to reverse that ruling of the trial judge on the motion for new trial. Southern R. Co. v. Morgan, 171 Ala. 294, 54 South. 626; Birmingham Nat. Bank v. Bradley, 116 Ala. 142, 23 South. 53.

[8] Charge No. 10, assignment of error No. 8, is a declaration by the court on the effect of the evidence, without hypothesis, and thereby clearly invaded the province of the jury. The defendant thereby asked the court to really instruct the jury that defendant was guilty of no negligence, that there was no defect in the condition of the screen, and to do so without regard to whether the evidence was believed by the jury. It was properly refused by the court.

[9, 10] Charges numbered 7, 8, and 9, assignments of error 6, 7, and 9, were each separately asked by defendant and each refused by the court. In briefs of counsel they are argued together. Charge No. 9 is argumentative. Each charge invades the province of the jury. Each charge assumes that the act of Trice was sufficient in and of itself to be the cause of the injury, which under the conflicting tendencies of the evi-

dence was a question for the jury. These charges in effect declare that the knocking of the screen out of the window by the guest, Trice, if believed by the jury, was the proximate cause of the injury. They direct a verdict for the defendant without hypothesizing this in either charge. These charges ignore the evidence tending to show that the injury of plaintiff was caused as a proximate consequence from the negligence of defendant in failing to fasten safely the screen in the window; and that, if it had been properly fastened in the window, it would not have fallen by the knock of the guest; that its falling by the knock of the guest was on account of its defective condition. The court did not err in refusing to give these charges. So. Bell Tel. Co. v. Miller; 182 Ala. 348, 68 South. 184; Thompson v. L. & N. R. Co., 91 Ala. 496, 8 South. 406, 11 L. R. A. 146.

[11, 12] The written charge asked by the defendant, which is set out in assignment of error No. 10, was properly refused by the court. It is elliptical. The statement of the law in it was substantially and fairly covered by the written charge numbered 15, given by the court to the jury at defendant's request. Section 5364, Code 1907, as amended in Gen. Acts 1915, p. 815.

Finding no error in the record, the case is affirmed.

Affirmed.

All the Justices concur.