No. 27,447.

GERTRUDE CROW, *Appellant,* v. EMERY B. COLSON and FRANK WOLCOTT, *Appellees.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE — *Proximate Cause — Hotel Abutting Street — Liability for Injury from Falling Screen.* The owner and operator of a hotel building abutting on a street is responsible for injuries inflicted to a person on the sidewalk by the falling of a window screen from an upper story, negligently attached to the building.

2. SAME — *Care Required of Hotel Owner — Negligence in Attaching Screen.* Where guest rooms on the second and third floors of a hotel were equipped with ropes and placards directing their use in case of fire, and where screens to the windows were so securely nailed to the building that exit through the windows was not possible except by knocking out such screens, and where if knocked out there was nothing to prevent the screens from falling to the sidewalk below, it cannot be held as a matter of law that the owner or operator of the hotel, responsible for the manner in which the screens were attached to the building, is not liable for injuries to one on the sidewalk who is struck by a falling screen knocked out of a window by a guest seeking to escape from a fire.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed June 11, 1927. Reversed.

*J. R. Beeching* and *Charles Hall,* both of Hutchinson, for the appellant.

*C. M. Williams, D. C. Martindell, W. D. P. Carey, A. C. Malloy, R. C. Davis* and *Warren H. White,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages caused by the falling of a window screen alleged to have been negligently attached to a hotel building. A demurrer to plaintiff's petition was sustained and she appeals.

The petition alleged substantially that plaintiff was a resident of Hutchinson; that the defendant Colson is now and has been for several years last past the owner and operator of a lease of the Midland Hotel building, located on the north side of Second street and on the west side of Main street in Hutchinson; that the defendant Wolcott is the owner of the building; that it is three stories in height, designed and used as a hotel; that the second and third stories are used almost exclusively as guest rooms, each occupied with a bed

Negligence, 29 Cyc. pp. 468 n. 58, 490 n. 41, 495 n. 61, 497 n. 74, 499 n. 91, 501 n. 8; 20 R. C. L. 78.

and other necessary furniture; that the guest rooms on the second and third floors are equipped with ropes to be used by guests to escape through the windows in the event of fire; that the windows are of the so-called guillotine type, intended to be opened and closed by sliding upward and downward; that the lower half of the windows of the guest rooms are equipped with screens which were at the time designated negligently, carelessly, wrongfully and improperly attached to the casing of the windows by means of nails driven through the screen frame into an outer portion of the window casing; that they were not attached in a proper manner to be used as exits in the event of fire; that each guest room was provided with a placard or printed card directing persons, in the event of fire, to escape by means of and the use of the ropes through the windows; that on the —— day of March, 1926, W. R. Crow, plaintiff's husband, was regularly employed as a police officer by the city of Hutchinson; that he was on duty and upon the sidewalk flush with the south line of the Midland Hotel building, at which time fire was in progress in the building; that there were a number of people in the guest rooms; that three window screens were removed from windows by occupants of the building in an attempt to make an exit therefrom, falling on the sidewalk almost simultaneously, one striking plaintiff's husband a severe blow on the head which caused his death; that the defendants knew the screens were carelessly, negligently, wrongfully and improperly attached to the building; and with such knowledge they did for several years last past prior to said fire permit the screens to be so improperly attached; that if they had been properly attached by means of hooks and hinges, or in some other proper manner, they would not have fallen and one of them would not have wrongfully struck plaintiff's husband and caused his death; that the negligence of defendants in knowingly permitting the screens to be improperly, defectively and insecurely fastened in such manner as to make the use of the windows unsafe as an exit was the direct, proximate and immediate cause of the death of plaintiff's husband; that plaintiff was wholly dependent upon the deceased for her livelihood.

The defendants demurred on the ground that plaintiff had no legal capacity to sue and that the petition failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrers on the ground that the manner of fastening the screens "was not the direct and proximate cause of the injury . . . but that

there was an intervening cause which was the fire and the guest getting excited and kicking out the screen and which was too remote and too problematical to be taken into consideration in putting the screens in the windows."

Do the facts alleged in plaintiff's petition justify the court's conclusion? We think not. The following statements of the law appear applicable:

"The proximate legal cause is that acting first and producing the injury, either immediately or by setting other events in motion, or constituting a natural and continuous chain of events, each having a close, causal connection with its immediate predecessor, the final event in the chain immediately effecting the injury as a natural and probable result of the cause which first acted, under such circumstances that the person responsible for the first offense should, as an ordinarily prudent and intelligent person, have reasonable ground to expect at the moment of his act or default that an injury to some person might probably result therefrom." (22 R. C. L. 111.)

"A wrongdoer is not merely responsible for the first result of his wrongful act, but he is also responsible for every succeeding injurious result which could have been foreseen, by the exercise of reasonable diligence, as the reasonable, natural and probable consequence of his wrongful act. He is responsible for any number of injurious results consecutively produced by impulsion, one upon another, and constituting distinct and separate events, provided they all necessarily follow from the first wrongful cause. Any number of causes and effects may intervene between the first wrongful cause and the final injurious consequence; and if they are such as might, with reasonable diligence, have been foreseen, the last result, as well as the first, and every intermediate result, is to be considered in law as the proximate result of the first wrongful cause. . . ." (A. T. & Santa Fe Rld. Co. v. Stanford, 12 Kan. 354, 377. See, also, Rodgers v. Railway Co., 75 Kan. 222, 88 Pac. 885.)

Where defendant knows or has reasonable means of knowing that consequences not usually resulting from the act are likely to intervene so as to occasion damage, he is liable although it be not an ordinary and natural consequence of the negligence. (29 Cyc. 495. See, also, Galveston, H. & S. A. Ry. Co. v. Averill, 136 S. W. 98, [Tex. Civ. App.] ; Waters Pierce Oil Co. v. Deselms, 212 U. S. 159, 53 L. Ed. 453.) Nor is it requisite that the result must have been foreseen. (29 Cyc. 495. See, also, Murphy v. Railway Co., 140 Ia. 332, 118 N. W. 390; Reino v. Montana Mineral Land Co., 38 Mont. 291, 99 Pac. 853; El Paso Southwestern Ry. Co. v. Barrett, 46 Tex. Civ. App. 14, 101 S. W. 1025, 121 S. W. 570.) Where an act is negligent it is not necessary to render it the proximate cause that the person committing it could or might have foreseen the particular consequence or precise form of the injury or the particular manner

in which it occurred, if by the exercise of reasonable care it might have been foreseen or anticipated that some injury might result. (29 Cyc. 495.)

*Dye-Washburn Hotel Co. v. Aldridge,* 207 Ala. 471, 93 So. 512, was an action brought against a hotel company for injuries to a guest struck by a screen put in motion by another guest who was located two floors above the party injured. The screen was knocked out of a window, falling through a skylight under which plaintiff was sleeping, striking him and injuring him. The court there held that the question of whether the screen was securely or properly fastened was a question for the jury. The court said:

"There was evidence from which the jury could reasonably infer that this screen in this window was, or was not, safely fastened, and was, or was not, in a defective condition; and if defective, not safely fastened, there was evidence from which they might reasonably decide that it was due to the negligence of the general manager of the defendant who testified: 'It was my duty to look after those screens and have them inspected and see they were in proper condition.'

"These questions were, under the conflicting tendencies of the evidence, properly submitted to and left with the jury to answer.

"Was the defendant guilty of negligence in failing to keep the screen fastened with reasonable safety in the window? If yea, was that negligence the proximate cause of the injury to the plaintiff; or was the new intervening stroke of Trice, the guest, in striking the screen sufficient of itself to be alone the cause, and was the injury of the plaintiff caused as a proximate consequence from this blow of the guest on the screen? On this subject in *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233, 26 So. 349, this court, speaking through Chief Justice McClellan, said:

" 'The logical rule in this connection, the rule of common sense and human experience as well (if indeed there can be a difference between a logical doctrine and one of common sense and experience, as some authorities appear to hold), is that a person guilty of negligence should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would, at the time of the negligent act, have thought reasonably possible to follow, if they had occurred to his mind. 1 Sher. & Red. Negligence, Sec. 29.' . . .

"In this case it is sufficient to say that if the jury believed from the evidence that even if the screen was caused to fall by the blow of the guest, but would not have fallen but for its being insecurely or unsafely fastened in the window, the jury could infer from the evidence that the unsafe fastening of the screen in the window was the proximate cause of plaintiff's injuries. (*So. Bell Tel. & Tel. Co. v. Miller,* 192 Ala. 350, 68 So. 184.)" (pp. 474, 475.)

"One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act

45—123 Kan.

of a third party may have contributed to the final result." (*Murray v. Frick,* 277 Pa. St. 190, 29 A. L. R. 74.)

In a note in 29 A. L. R. 77 the general rule is stated thus:

"The owner or party in control of a building, or portion thereof, abutting on a street, will be held responsible for injury inflicted on a passer-by by an object falling from a window of the building, where he knew of the defect or cause which resulted in the accident, or with reasonable care might have known thereof." (See, also, *Thompson v. Commercial Nat'l Bank,* 156 La. 479, 100 So. 688.)

It was the duty of the owner and operator of the hotel building in question to use reasonable care and diligence in its operation. He should have exercised that degree of care, precaution and vigilance which the circumstances reasonably demanded. When a building is operated as a hotel, a business quasi-public in its nature, located upon a busy street, the owners and operators should take into consideration the interest of the passing public, and take such care and precaution to prevent injury as the law contemplates. Legislatures and legislative bodies of cities have repeatedly enacted laws and ordinances regarding the construction and operation of buildings because it is common knowledge that one of the greatest menaces to the safety and lives of the individual citizens is devastation by fire.

The trial court sustained defendant's demurrer upon the ground that the injury was brought about by an intervening cause, "the fire and the guest getting excited and kicking out the screen." The operation of a hotel should be conducted with the utmost caution. Guests therein are dependent for their safety upon the precautions taken by the management to avoid fires and other catastrophes. In the event such things occur guests should be provided with proper and efficient means of escape from danger. (R. S. 36-116.) That a fire might occur in the building in question was reasonable to expect. Therefore provisions in accordance with the statute had been provided. The hotel was equipped with ropes and placards directing their use, but the employment of the ropes was prohibited by means of screens being so securely fastened that they could not be removed without force, and when removed by such force there was nothing to prevent their falling to the sidewalk below. The provision of the statute requiring that rooms be equipped with ropes imposes upon the operators of a hotel the obligation to provide means of exit. The windows should be kept in such a condition that guests

may make use of the ropes in case of fire without inflicting injuries upon those using the sidewalk below. Guests should not be compelled to use such force in escaping from a burning hotel as will endanger the lives of others. In the instant case the act of the guest was not an intervening, efficient cause. It was rather a concurring cause. In *O'Brien v. J. G. White and Co.*, 105 Me. 308, 74 Atl. 71, 721, it was said:

"If the act of a third party concurs with the negligence of the defendant in causing the injury complained of, such concurring act does not relieve the defendant from liability if such act ought to have been foreseen or anticipated, and especially when the concurring act could not have caused the injuries except for the defendant's negligence." (See *Lake v. Milliken,* 62 Me. 240, 16 Am. Rep. 456; *Lane v. Atlantic Works,* 111 Mass. 136, 139; 1 Shearman and Redfield on Negligence, 5th ed. ¶39; *Harrison v. Kansas City Electric Light Co.,* 195 Mo. 606, 93 S. W. 951, 7 L. R. A., n. s., 293, Am. & Eng. Ency., 2d ed. 491 and cases cited.)

In the instant case the defendants should have foreseen or anticipated that guests in the rooms would use such force as necessary to make their escape from the building in case of fire; that the screens if knocked out would fall upon the sidewalk below and that injury to some one would likely result. It cannot therefore be said as a matter of law that defendants were not liable for the acts complained of.

The judgment is reversed and the cause remanded for further proceedings.