No. 28,778.

THEODORE MEECKE, *Appellant,* v. MARY MORGUIES (Deceased), and FRANCES MORGUIES, as Executrix, etc., *Appellees.*

(278 Pac. 45.)

Opinion filed June 8, 1929.

*Arthur S. Brewster,* of Troy, for the appellant.
*C. W. Reeder,* of Troy, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages by a tenant against his landlady because of injuries sustained through the negligent failure of the latter to properly fix and secure a window sash in a skylight of a two-story brick building, whereby the sash was blown out of its setting and fell on the head of the plaintiff tenant, and knocked him off a ladder on which he was standing while attempting to close the skylight.

Plaintiff alleged the pertinent facts, narrated his injuries in detail, and the negligence of defendant in these particulars:

"That on or about the last day of July, 1925, this plaintiff discovered that said windows were not working, and that on said day he notified his landlady, Mary Morguies, that said windows would not open.

"That on the same day the said Mary Morguies came to said building and examined said windows, hinges and apparatus for operating the same. That one of the hinges that opened the window on the west side was defective in that it was rusted and partly broken. That said landlady carelessly and negligently attempted to fix said window and notified this plaintiff that said windows and hinges and apparatus for operating the same were in good repair. That the landlady carelessly and negligently failed to fix said windows. That said Mary Morguies knew or could have known by the use of ordinary care that said hinge was defective. That when said work was finished said landlady notified this plaintiff that everything was in working order and that said windows and hinges and apparatus for adjusting the same were in good condition and in good working order. That said landlady carelessly and negligently failed to replace said broken hinge on said window in the west side of said cupola."

Defendant's demurrer to plaintiff's petition was sustained. Hence this appeal.

To uphold the judgment defendant argues that the negligent repair work on the window and its hinges was not the proximate cause of the injury and damage sustained by plaintiff. That matter, however, is not so clear that the court could so declare as a matter of law. Ordinarily the question of proximate cause is a question for a jury. In the recent analogous case of *Crow v. Colson,* 123 Kan. 702, 256 Pac. 971, this court took the view that the proximate cause of injuries sustained by a person on the sidewalk by the falling of a window screen negligently attached to an upper-story window presented a fair question for a jury to decide, and that it was error to rule to the contrary as a matter of law. The modern tendency is to extend the legal responsibilities attaching to ownership of real property, with or without the owner's fault. And where the lessor of property has undertaken to make repairs and makes them negligently, liability attaches to the lessor. In the A. L. I. Restatement, Torts T., No. 4, section 232 provides:

"A lessor of land who, by purporting to make repairs thereon while the land is in the possession of his lessee or by the negligent manner in which he has made such repairs has, as the lessee neither knows nor should know, made the land more dangerous for use, is subject to liability for bodily harm caused thereby to the lessee and others upon the land in the right of the lessee."

This rule is quite in accord with *Murrell v. Crawford,* 102 Kan. 118, 121, 169 Pac. 561, where it was said:

"It has frequently been decided that where a landlord attempts to make repairs on property, but only does so in an imperfect or ineffectual manner, and where the tenant, relying upon such attempts to repair, continues his tenancy and is injured thereby, an action for such injuries will lie in his behalf against the landlord."

Counsel for the appellee cites a number of familiar and interesting cases like *Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338, where this court said as a matter of law that the wind and not the negligent piling of the grain doors near the railway track was the proximate cause of the railway fireman's death. That decision was correct, of course; but the court might also have declared that the piling of the grain doors near the track was not negligence of any sort, either remote or proximate. Be that as it may, the "grain doors" case is not sufficiently close by analogy to control the case at bar. We have also reëxamined the other cases cited by appellee to uphold the judgment: *Cleghorn v. Thompson*, 62 Kan. 727, 64 Pac. 605; *Stephenson v. Corder*, 71 Kan. 475, 80 Pac. 938; *Gas Co. v. Dabney*, 79 Kan. 820, 102 Pac. 488; *Simon v. Telephone Co.*, 97 Kan. 42, 154 Pac. 242; *Norris v. Ross Township*, 98 Kan. 394, 161 Pac. 582; *Lambel v. City of Florence*, 115 Kan. 111, 222 Pac. 64; and *Beldon v. Hooper*, 115 Kan. 678, 224 Pac. 34. These are all good examples of cases where the proximate cause was manifestly so clear that there was nothing for a jury to weigh, debate or consider. The law books are full of such cases, but they are also full of cases where human negligence and some force of nature have concurred to produce an accident and injury, and where the contributing factor of natural force—lightning, wind, or the like—has been held to be no excuse for the concurrent human negligence. Typical of the latter sort of cases, and one which bears some analogy to the case at bar, was *Richards v. Kansas Electric Power Co.*, 126 Kan. 521, 268 Pac. 847, where it was said:

"Of course, the problem of proximate cause is commonly a question for a jury; but where plaintiff tendered an issue and evidence as to the cause of Richards' death and defendant joined issue thereon, it was the function of the jury to decide that issue. . . . Furthermore, even if Richards' death had been caused by a bolt of lightning, and its deadly work had only been possible because of defendant's negligent failure to install ground wires at the transformers, defendant's liability would have been absolute nevertheless. A defendant is not relieved of liability for negligence on the excuse that the 'proximate cause' was some act of God like a stroke of lightning where the act of God would not have wrought the injury but for the human negligence which contributed thereto." (p. 524.)

And so here. If the skylight had been properly repaired and fastened, mayhap the wind would not have blown it in so that it fell on plaintiff's head and knocked him off the ladder. At all events, it must be held that the cause of action pleaded by plaintiff was good against the demurrer lodged against it, and the judgment of the district court is therefore reversed and the cause remanded for further proceedings.