No. 31,727

ELZADA BERRY, *Appellee,* v. THE SHELL PETROLEUM COMPANY et al. (THE CONTINENTAL OIL COMPANY, THE PHILLIPS PETROLEUM COMPANY, and THE MARY JANE OIL COMPANY), *Appellants.*

(40 P. 2d 359)

Opinion denying a rehearing filed January 26, 1935. (For original opinion of affirmance see 140 Kan. 94, 33 P. 2d 953.)

*Claude I. Depew, W. E. Stanley* and *William C. Hook,* all of Wichita, for the appellants; *Albert Faulconer, Kirke W. Dale, C. L. Swarts,* all of Arkansas City, *William H. Zwick, A. L. Hull,* both of Ponca City, Okla., and *Redmond S. Cole,* of Tulsa, Okla., of counsel.

*Joe T. Rogers* and *James A. Conly,* both of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The court permitted a second petition for a rehearing to be filed on account of pendency of other cases involving the same and similar questions. Ruling on the motion has been delayed until the related cases were heard.

The chief complaint respecting the decision was, that certain limitations on the doctrine of liability without fault were not spelled out in the opinion. Thus it was nowhere said that if a producer of salt water confined his salt water in perfectly safe tanks, and an earthquake should wreck the tanks, the producer would not be liable for escape of the water. Likewise it was not said in the opinion that if escape did occur, there would still be a limitation on liability, which would normally extend only to natural and foreseeable consequences. The limitations were taken for granted, and so were not separately discussed. The producers were not sheltered under any of them, and the general statements of the opinion went directly to liability under the facts. The limitations are sufficiently discussed

in the opinion in *State Highway Comm. v. Empire Oil and Refining Co.*, post, p. 161, this day decided.

Not considering the statute, there is good ground for holding ultrahazardous occupations must be conducted at the risk of those who engage in them, without regard to intervention of *vis major* and the like, but no statement on that subject is called for in this case.

On the subject of legal consequences of misconduct, the general rule is stated in Harper on Torts (sec. 119, p. 270), as follows:

"The rule may be generalized, that where harmful consequences are brought about by intervening and independent forces the operation of which might have been reasonably foreseen, there will be no break in the chain of causation of such a character as to relieve the actor from liability. The source of the intervening agency is immaterial, whether from nature, animate or inanimate, or from human beings." (Citing *Meecke v. Morguies,* 128 Kan. 423.)

The subject of consummation of harm in cases of strict liability is treated by the same author in section 163 (p. 244), in which the limitation to natural and foreseeable consequences is developed, a limitation applied for purpose of the decision in *Highway Commission v. Empire Oil and Refining Co.*, supra.

The subject of nuisance was not necessary to the decision in this case, and the references to that subject are withdrawn.

The judgment heretofore rendered is adhered to, and the motion for rehearing is denied.