[Western Railway of Alabama v. Milligan.]

# Western Railway of Alabama *v.* Milligan.

*Action by Employe to recover Damages for Personal Injuries.*

1. *Negligence; when superintendence not shown; Employer's Liability Act.*—Where one to whom superintendence is entrusted by his employer gives an order to an employe who is under his control and while he is obeying such order, the superintendent punches or pushes said employe and by reason of such act on the part of the superintendent, the employe, who was very ticklish or nervous, threw his hand into a machine that was in operation, such act on the part of the superintendent is not an act of superintendence for the consequences of which the employer can be held liable under the Employer's Liability Act.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This action was brought by the appellee, Jim Milligan, to recover damages for personal injuries alleged to have been received by him while in the employ of the defendant. The negligence complained of was that one Cunningham, who was entrusted with superintendence by the defendant in one of its shops, and who had superintendence over the plaintiff, negligently struck or punched the plaintiff in the side while he was obeying an order given him by said Cunningham, and as a result of such stroke the plaintiff threw his hand forward upon a piece of machinery and had it cut off. The plaintiff claimed $20,000 damages. The facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

Among the charges requested by the defendant, to the court's refusal to give which the defendant separately excepted, was the following: "If the jury believe the evidence, they must find for the defendant." There were verdict and judgment for the plaintiff, assessing

[Western Railway of Alabama v. Milligan.]

his damages at $1200. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

GEORGE P. HARRISON, for appellant—The master is held liable for the tortious acts of his servant when (and only when) done within the range of his employment, or in other words, when and only when the tortious act was done, while the servant was engaged in and about the business, for which he was actually employed by the master and said act was within the range and scope of the servant's employment, and in the prosecution of said business.—Cooley on Torts, pp. 335, 535, 537, note 1; *A. G. S. R. Co. v. Frazier*, 93 Ala. 48; *Gilliam v. R. R. Co.*, 70 Ala. 268; *B. W. W. Co. v. Hubbard*, 85 Ala. 179; Wood's Law Masters & Serv. 580-1; *R. R. Co. v. Baum*, 26 Ind. 70; *Pittsburg R. Co. v. Donahue*, 70 Pa. St. 119; 21 Am. Rep. 597; *Wright Rounds v. R. R. Co.*, 64 N. Y. 129; 30 N. W. Rep. 148; *Higgins v. Waterwich Turp. Co.*, 46 N. Y. 423; *Little Miami R. Co. v. Wetmore*, 19 Ohio St. 110; *Isaacs v. 3rd Ave. R. R. Co.*, 47 N. Y. 122; *Jackson v. 2nd Ave. Ry. Co.*, 47 N. Y. 274; *Cohen v. Dry Dock, etc. R. R. Co.*, 69 N. Y. 170; *Case v. Hulschush*, 122 Ala. 212; *M. & O. R. R. Co. v. Seales*, 100 Ala. 268; *Goodloe v. M. & C. R. R. Co.*, 107 Ala. 233; *Stephenson v. Southern Pacific Co.*, 27 Am. St. Rep. 223, and authorities therein cited.

HILL & HILL, contra, cited *L. & N. R. R. Co. v. Hurt*, 101 Ala. 34; *A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226; *K. C., M. & B. R. R. Co. v. Lackey*, 114 Ala. 152; *M. & O. R. Co. v. George*, 94 Ala. 222; 8 Amer. & Eng. Ency. of Law, 254, 257, 258; *L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585; *Buckalew v. Tenn. C., I. & R. R. Co.*, 112 Ala. 156; *So. Bell &c. Co. v. Francis*, 109 Ala. 231; *Lampkin v. L. & N. R. R. Co.*, 106 Ala. 287; *Gilliam v. L. & N. R. R. Co.*, 70 Ala. 268; *A. G. S. R. R. Co. v. Frazier*, 93 Ala. 48; *L. & N. R. R. Co. v. Whitman*, 79 Ala. 328.

McCLELLAN, C. J—The theory upon which this case was tried and upon which there was verdict and judg-

ment for the plaintiff, Milligan, was that the railway company is responsible for the act of Cunningham, its alleged superintendent, in playfully punching or pushing Milligan in the side with a small stick when he told the latter to brush off the table of the machine which was constituted in part of knives set in its center and at the time rapidly revolving, that Milligan was "goosey," as he expresses it, or ticklish, and that the light punch or push in his diaphragm so upset him as to cause him to throw his hand among the knives, by which it was cut off. We are not of opinion that this act of Cunningham, assuming that he had superintendence intrusted to him in respect of having Milligan to brush off the table and that the act was done while he was in the exercise of such superintendence, was an act of *superintendence* for the consequences of which under the Employer's Liability Act the company is liable. There is no pretense that the act was intended or calculated to further the work Cunningham had directed Milligan to do. It bore no sort of relation to that work, but was a mere casual pleasantry, or act of fun-making on the part of Cunningham toward Milligan, as one man would tickle another to make him jump or laugh spasmodically. It is testified that Cunningham knew that Milligan was "goosey" or ticklish—given to ridiculous gyrations when he was pushed or punched or touched; and the men there in the shops were in the habit. more or less, of touching or pushing him to see him jump. It was for this, and not in connection with the work he was directed to do, that Cunningham touched him on the occasion in question (if indeed he touched, or punched, or pushed, him at all, which is positively denied by Cunningham and several other apparently credible witnesses). That if Cunningham was guilty of any negligence in the premises it lay in this extraneous act, the evidence shows beyond controversy. That this was not an act of superintendence, we are entirely clear. That a negligent act, although committed by one intrusted with superintendence by the common employer, and while in the exercise of such superintendence, is not an act for which the employer is responsible

when it is not an act of superintendence under the statute is clear upon reason and is settled by the authorities.—Reno Employer's Liability Acts, § 59; Roberts & Wallace, Duty and Liability of Employers, pp. 265-7; Dresser's Employer's Liability, § 62.

This whole case turns upon the question we have been considering: Whether Cunningham's alleged act of pushing, or punching, or touching Milligan, while the latter was about to brush off the table upon which the knives were fixed was an act of superintendence. Reaching the conclusion that this was not an act of superintendence and that of consequence the defendant was not responsible for it, our further inevitable conclusion is that the city court erred in refusing to give the affirmative charge requested by the defendant. It is unnecessary to discuss other rulings of the court bearing upon this subject—on demurrers, in the general charge given of the court's own motion and upon requests for special instructions—further than to say that they, too, were erroneous in so far as they proceeded upon the theory that the defendant would be liable for this act of Cunningham if he had superintendence intrusted to him and the act was committed while he was in the exercise of such superintendence.

Reversed and remanded.