# Garrett *v.* L. & N. R. R. Co.

### Injury to Minor Employee.

#### (Decided April 20, 1916.   71 South. 685.)

1. **Negligence; Proximate Cause.**—Where there are two or more causes of an injury, the law will consider only the proximate cause, and not a remote cause.

2. **Same; Intervening Cause.**—Where one cause merely created the condition, and after the condition had been created an intervening agency produced the injury, the first cause is not the proximate cause.

3. **Master and Servant; Injury to Servant; Proximate Cause.**—Where defendant wrongfully employed plaintiff's minor son, without her knowledge or consent, to work on a barge on the river, and the work was not essentially dangerous, and the boy appeared to be an adult, and one of the other employees on the barge pushed the boy into the river, as a joke, and the boy was drowned, the defendant's wrong in employing the boy was not the proximate cause of the death, and defendant was not liable.

4. **Common Law; Applicability; Statutory Remedy.**—While the action for the death of plaintiff's minor son was brought under the homicide act (§ 2485, Code 1907), yet it is founded on defendant's common law wrong in employing a minor at a hazardous work, without the consent of the parent, the common law principle governs, and the scope and policy of the prohibitive statute are without application.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Action by Mattie Garrett against the Louisville & Nashville Railroad Company, for damages for death of a minor child by drowning.   Judgment for plaintiff, and defendant appeals.   Affirmed.

The action is based upon the wrongful death of plaintiff's minor son, for that defendant wrongfully employed him, without plaintiff's consent, at a dangerous work, and that death resulted therefrom.   The evidence shows without dispute that defendant employed deceased without plaintiff's knowledge or consent, the father of deceased being dead, and put him to work on a barge in the Alabama river, by weaving boughs together and dropping them and staves over the edge of the barge around the base of the piers of the railroad bridge.   The current was swift at that point, and the water about 30 feet deep.   While the deceased was thus engaged, another employee of defendant, a man named

[Garrett v. L. & N. R. R. Co.]

Irving, winked at the other men, and then pushed deceased over the edge of the barge into the deep water, where, in spite of all efforts to rescue him, he was speedily drowned. Deceased was 19 years of age, and appeared to be a grown man, and had worked for defendant several months. The barge was 15x20 feet, and on it at this time were 8 or 10 white men and about 15 negroes. At the conclusion of the evidence, the court, at the request of defendant, gave the general charge for defendant, and this ruling is assigned for error.

HILL, HILL, WHITING & STERN, and R. T. RIVES, for appellant. GOODWYN & MCINTYRE, for appellee.

SOMERVILLE, J.— (1, 2) Although judicial decisions are not always harmonious in their application of the principles which determine whether any wrongful act is the proximate and judicial cause of a particular injury, the principles themselves are settled beyond further controversy and a simple statement thereof from the leading authorities will suffice for the purposes of the present case.

"The law, in its practical administration in cases of this kind, regards only proximate or immediate, and not remote, causes, and, in ascertaining which is proximate and which remote, refuses to indulge in metaphysical niceties. Where, in the sequence of events between the original default and the final mischief, an entirely independent and unrelated cause intervenes, and is of itself sufficient to stand as the cause of the mischief, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause."—*Atchison, etc., Ry. Co. v. Calhoun,* 213 U. S. 1, 29 Sup. Ct. 321, 53 L. Ed. 671; *Milwaukee, etc., R. Co. v. Kellogg,* 94 U. S. 469, 24 L. Ed. 256.

"Where two distinct, successive causes, unrelated in operation, to some extent contribute to an injury, it is settled that where there is an intervening and direct cause, a prior and remote cause cannot be made the basis for recovery of damages, if such prior cause did no more than furnish the condition, or give rise to the occasion, by which the injury was made possible. It seems to be sound in principle and well settled by authority that where it is admitted or found that two distinct, successive causes, unrelated in their operation, conjoin to produce a given injury, one of them must be the proximate, and the other the remote, cause of the injury, and the court, in passing on the facts

as found or admitted to exist, must regard the proximate as the efficient and consequent cause, and disregard the remote cause."—*Mo. Pac. Ry. Co. v. Columbia,* 65 Kan. 390, 69 Pac. 338, 58 L. R. A. 399.

"Suppose that if it had not been for the intervention of a responsible third party the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between the negligence and damage is broken by the interposition of responsible human action. I am negligent on a particular subject-matter. Another person, moving independently, comes in and, either negligently or maliciously, so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable. * * * For the spontaneous action of an independent will is neither the subject of regular, natural sequence, nor of accurate precalculation by us. In other words, so far as concerns my fellow beings, their acts cannot be said to have been caused by me, unless they are imbeciles or act under compulsion, or under circumstances produced by me, which gave them no opportunity for volition."—Wharton on Neg. 138.

After a full discussion of this subject, Mr. Freeman, in noting some differences in the cases where the subsequent act of the third person is merely negligent, concludes:

"But the courts, at least in this country, refuse to hold a tort-feasor liable for the results of a subsequent act which is willfully wrong, unless that act was actually intended by him."—*Gilson v. Delaware, etc., Canal Co.,* 65 Vt. 213, 26 Atl. 70, 36 Am. St. Rep. 802, note, 807, 842, 843, citing the authorities.

Our own decisions, so far as they have spoken, are in harmony with these principles, and in the case of *Tobler v. Pioneer, etc., Co.,* 166 Ala. Ala. 482, 509, 52 South. 86, 96, it was said: "A wrongful act of independent third persons (it conclusively appears that this was such, though they may have been the servants of the master), not actually intended or reasonably to be expected by the master, is not the consequence of the master's wrong, and he is not bound to anticipate the general probability of such acts."

[Garrett v. L. & N. R. R. Co.]

In that case the intervening act was negligent merely, and not a willing wrong. See, also, *W. Ry. of Ala. v. Milligan,* 135 Ala. 205, 33 South. 438, 93 Am. St. Rep. 31, and *Kirby v. L. & N. R. R. Co.,* 187 Ala. 443, 65 South. 358.

(3) We hold on the evidence, as shown without dispute by the bill of exceptions, that the work in which the deceased was engaged was not dangerous in itself, nor with respect to either its incidents or its environments, to this deceased, who was 19 years of age, and mature in body and mind, and, further, that, even if the work or place were dangerous, nevertheless the act of the man Irving in pushing plaintiff's son over the edge of the barge into the river was willful, independent, not connected with, nor in any way related to, the defendant's business, and neither intended nor anticipated by the defendant, and hence was in a legal sense the sole proximate and responsible cause of the injury, of which the deceased's employment by defendant and his presence on the barge furnished merely the chance condition and opportunity. A contrary conclusion could not be supported, either by reason or judicial precedent. Two striking and pertinent illustrations of proximate and remote causes of injury will be found in the cases of *King v. Henkie,* 80 Ala. 505, 510, 60 Am. Rep. 119, and *A. G. S. R. R. Co. v. Chapman,* 80 Ala. 615, 620, 2 South. 738, to which we merely refer.

We do not overlook those cases decided under statutes which forbid the employment of children in certain places and pursuits which common experience has shown are peculiarly dangerous to them. Such prohibitions, extending usually to children under 14 years of age, are, no doubt, intended to protect immature children, not only against the perils of their own immediate tasks, but also against their propensity to playful diversions, and the general perils of their environment. In some such cases the doctrines of proximate cause seem to have been applied somewhat liberally in favor of the master's liability for the original wrongful employment of the child.—*Rolin v. Tobacco Co.,* 141 N. C. 300, 53 S. E. 891, 7 L. R. A. (N. S.) 335, note, 8 Ann. Cas. 638; *Elk Cotton Mills v. Grant,* 140 Ala. 727, 79 S. E. 836, 48 L. R. A. (N. S.) 656, note; *Perry v. Tozer,* 90 Minn. 431, 97 N. W. 137, 101 Am. St. Rep. 416. But, even in such cases, the injury must result naturally from the work itself, or from the operation of the business by others, or from contact with some dangerous condition or agency belonging to or permitted about the place.

So this court has recently said: "Nor is it necessary that injury must result as the proximate cause of some act or omission of the minor in the discharge of the duty assigned him, but the right of action arises if the injury resulted from the employment and was incident to any of the risks or dangers in and about the business. Of course, there would be no causal connection if the boy got sick or was injured in some way foreign to the master's work or business, although in or near the mine; but if the injuries are produced while the boy is at the forbidden place—that is, in or about a mine by some cause not foreign to the master's mine or business—there is such a causal connection with the forbidden employment as would render the master liable."—*De Soto, etc., Co. v. Hill,* 179 Ala. 186, 60 South. 583.

(4) While the present action is brought under the Homicide Act (Code, § 2485), it is founded on a common-law wrong, the employment of a minor at a dangerous work without the consent of the parent; and the scope and policy of the prohibitive statutes above referred to are without application here.

The trial court properly gave the general affirmative charge for the defendant, and the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.