171 So. 277

### CLENDENON v. YARBROUGH et al.

#### 8 Div. 635.

Supreme Court of Alabama.

Oct. 15, 1936.

Rehearing Denied Dec. 17, 1936.

David A. Grayson, of Huntsville, and W. A. Denson, of Birmingham, for appellant.

Taylor, Richardson & Sparkman, of Huntsville, for appellees.

FOSTER, Justice.

This is a suit under the homicide statute (Code 1923, § 5696) for the negligent killing of plaintiff's intestate. It was submitted to the jury to determine whether defendant G. W. Yarbrough was liable. The other defendants were either released by plaintiff on the trial, or by rulings of the court.

G. W. Yarbrough was a co-owner of a house and lot in Huntsville, rented to tenants as a café. It was on the west side of a city street. Defendant bought it in 1919. The house was built in 1915. There was a shed in front and extending across the street. When decedent was killed, he was walking along the street under the shed. A truck was parked along in front of it facing south. As the truck turned off toward the left into the open roadway, a bolt, which fastened a standard to its frame about its central portion on the right, caught against a post supporting the shed, which caused the shed to fall on the sidewalk where decedent was walking and killed him. The posts were four by fours long leaf pine set on chestnut blocks placed in the ground and toe-nailed to them. Across the top was another timber and one fastened to the wall of the building between which the rafters were placed, and on them the roof. No apparent attention had been given to the condition of

the supporting posts; and no repairs had been made to them since they were built. There was a conflict in the evidence as to whether the posts had rotted at the bottom with a tendency to loosen the nails, and with a like effect from sun and weather.

The court charged the jury in substance, among other things, that defendant must have been negligent or have done some wrongful act which contributed to decedent's death as a proximate cause; that if he was negligent in the maintenance of the shed and that cooperated with the negligence of the truck driver, both would be liable. He read to the jury from books said to be of decisions of this court defining proximate cause. One was as follows: "Where an original act is wrongful and naturally calculated to prove injurious to another, and results in injury through intervention of other causes, not wrongful, injury will be referred to wrongful cause passing those which were innocent." And then he read another as follows: "Where one cause merely created the condition, and after the condition had been created, an intervening agency produced the injury, the first cause is not the proximate cause."

Exception was taken to the latter charge, and it is assigned as error, and is the first assignment argued in briefs for appellant. That charge is a literal copy of the second headnote in Garrett v. Louisville & Nashville R. Co., 196 Ala. 52, 71 So. 685, 686. It is challenged by counsel as a correct statement of the law, and as a correct interpretation of the opinion. The opinion in that connection appears to be a quotation from a Kansas case (Missouri Pac. Ry. Co. v. Columbia, 65 Kan. 390, 69 P. 338, 58 L.R.A. 399) as follows: "If such prior cause did no more than furnish the condition, or give rise to the occasion, by which the injury was made possible," it was not the proximate cause. The charge and headnote used the words "merely created the condition," instead of "did no more than furnish the condition." We do not think they are substantially variant. If the quotation in the opinion is not an erroneous statement of the law, the headnote is not.

When negligent conduct ceases to be held responsible for a result due to an intervening cause has given rise to many cases and texts which make the principle clear, and not difficult to apply. We think an admirable statement of it is found in the text of 22 R.C.L. 132 et seq. We quote a part as follows: "Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer, and except for which the final injurious consequences would not have happened, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause. As has been aptly said, 'the intervener acts as a nonconductor and insulates the negligence.'" And again, on page 138, the converse is true, when a "person by his negligence produces a dangerous condition of things, which does not become active for mischief until another person has operated upon it by the commission of another negligent act, which might not unreasonably be anticipated to occur. The original act of negligence is then regarded as the proximate cause of the injury which finally results." This statement has been approved in substance in our cases, including the Garrett Case, supra; Smith v. Alabama W. S. Co., 225 Ala. 510, 143 So. 893; Williams v. Woodward Iron Co., 106 Ala. 254, 17 So. 517; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566 (16), 119 So. 610; Id., 222 Ala. 120 (17), 130 So. 807; Vaughn v. Dwight Mfg. Co., 206 Ala. 552 (7), 91 So. 77; City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276 (18); Aplin v. Dean, 231 Ala. 320, 164 So. 737. See, also, 17 Corpus Juris 735, 738.

If the negligence of defendant "merely created the condition, and after the condition had been created an intervening agency produced the injury," as hypothesized in the charge, then such negligence did no more than that. If it did no more than that, it did not set in motion the intervening agency (22 R.C.L. 134, § 19), and the latter agency was not under the control of defendant, and its operation could not have been foreseen by defendant. While the use of the words "merely created the condition," etc., as quoted above may not be as full and complete an instruction by itself as usually should be given, it does not stand alone in this case, but other features of the charge went more into detail.

Moreover, if amplification was appropriate to make it completely understandable, this should have been supplied in the form of requested explanatory charges, but that condition does not fix the charge

as illegal, for the giving of which there may have been reversible error.

We do not think that the charge of the court as a whole tended to mislead the jury, nor was it an improper statement of the law. It is our judgment that they should have, and probably did, fairly understand the legal principles applicable as the court instructed them. We see no occasion therefore for reversing the judgment for the failure to grant a new trial on that account.

Appellant also insists that the refusal by the court to grant his motion for a mistrial or to take any steps for plaintiff's benefit in connection with the juror Baites was reversible error, as also the refusal by the court to grant his motion for a new trial, made after the verdict, on the same ground. The bill of exceptions shows that during the trial plaintiff's counsel noticed conduct by the juror Baites which he considered hostile and discourteous to him. It appears that this was more in his manner than otherwise. Such manner is difficult to reflect in writing. But it occurred during the trial and presumably in open court in the presence of the judge. He had the opportunity to observe the conduct and manner of the juror of which complaint is made, we presume, since there was no proof made to the court, but counsel called attention to the situation probably known to and observed by the court.

■ The law demands of a juror impartiality, freedom from bias and prejudice. Brazleton v. State, 66 Ala. 96; City of Birmingham v. Lane, 210 Ala. 252, 97 So. 728; Mutual Building & Loan Ass'n v. Watson, 226 Ala. 526, 147 So. 817; Proffatt on Jury Trial, § 175, note 2; 1 Thompson on Trials § 71; Coghill v. Kennedy, 119 Ala. 641, 24 So. 459.

■ The trial court was in position to see and observe the conduct of the juror, such as is relied on to show hostility. His ruling was largely discretionary, and will not be reviewed except upon a clear showing of error. City of Birmingham v. Lane, supra. Nothing is shown to be the basis or ground for any supposed hostility. No relation between the parties or circumstance appears to exist which may have produced it. We cannot agree with counsel that the court committed reversible error in that connection.

■ It is also insisted that the motion for a new trial should have been granted because of certain remarks made by attorney for defendant in his argument, to which no objection was made and no ruling had until after the verdict and judgment. When so, the trial court will not be reversed for overruling a motion for a new trial on that account unless the argument was so grossly improper and highly prejudicial as that neither retraction nor rebuke would have destroyed its influence. Anderson v. State, 209 Ala. 36 (20), 95 So. 171; Birmingham Ry. Light & Power Co. v. Gonzalez, 183 Ala. 273, (13 and 14), 61 So. 80, Ann.Cas.1916A, 543; Louisville & Nashville R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760.

We need not inquire whether the court should have sustained a motion to exclude the argument or any of it had such motion been made, but think that it was not so prejudicial as to be ineradicable. Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

It is clearly distinguishable from Pryor v. Limestone County, 225 Ala. 540, 144 So. 18, and Birmingham Water Works Co. v. Williams, 228 Ala. 288, 153 So. 268.

■ Counsel for defendant in argument also said, "It is agreed by everybody that the automobile caused Clendenon's death." Objection was made and overruled. There was certainly no dispute in the evidence that the automobile was what immediately caused the shed to fall, and that the falling shed killed Clendenon. The statement of counsel is not that all agreed that the automobile was the sole cause of his death. We think it is true that the automobile was one of the direct causes of the accident, as all the evidence shows. There may have been others. Whether so or not was properly submitted to the jury.

We have considered all the assignments of error argued by counsel, though we have not deemed it important to discuss any which we have not expressly mentioned.

We do not think there is reversible error apparent in any of them.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.