177 So. 140

**GOODWYN et al. v. GIBSON.**

**4 Div. 970.**

Supreme Court of Alabama.

Nov. 11, 1937.

Wilkerson & Brannen, of Troy, for appellants.

Walters & Walters, of Troy, for appellee.

BROWN, Justice.

This is an action on the case by an infant, eleven years of age, against the defendants, construction contractors, for negligently leaving on Elm street, a public street, in the city of Troy, Ala., an obstruction "in such a manner as to make it dangerous for pedestrians, or other persons passing along or across said street."

The single count in the complaint avers that: "While the plaintiff, William Gibson, was passing along said Elm Street as a bicyclist, it became necessary for him to evade being hit by an automobile driven by a person unknown to the plaintiff, who was negligently driving said automobile, and while in the act of evading such automobile, the plaintiff, William Gibson, ran into or against the said obstruction with great force and violence, and the only possible manner of evading the said automobile, without being seriously injured or killed by it, was for the plaintiff to run into the said obstruction" with serious resulting injuries cataloged in the count."

The count also avers: *"That all of his injuries and damages were proximately caused by the negligence of the defendants, their agents, servants, or employees, as aforesaid, in negligently obstructing the said road."* (Italics supplied.)

The demurrer, overruled' by the circuit court, took the points that "the alleged negligence of the defendants was not the proximate cause of the plaintiff, minor, running into the alleged obstruction," and that defendants are not liable to plaintiff for injuries and damages, "which appear to have been caused by the negligence of some third person, and which were not the proximate consequence of the alleged negligence."

The appellant now insists that the court erred in overruling these grounds of demurrer.

■ It is sufficient answer to this contention that the inducement in the complaint does not show that the act of said third person proximately caused said injury, and hence the averments of the count, italicized, that plaintiff's injuries and damages were proximately caused by defendants' negligence in leaving said obstruction in said public road, are not inconsistent with or contradicted by the other averments of the count.

■ The mere fact that there was an intervening cause is not, as a matter of law, sufficient to constitute "a non-conductor and insulate the negligence" of the defendants. Such intervening cause must be sufficient in and of itself to break the natural sequence of the first negligence and stand as the efficient cause of the injury and damage.

■ When a person by his negligence produces a dangerous condition of things, which does not become active for mischief until another person has operated upon it by the commission of another negligent act, which might not unreasonably be anticipated to occur, the original act of negligence is then regarded as the proximate cause of the injury which finally results. Clendenon v. Yarbrough et al., 233 Ala. 269, 171 So. 277.

■ There is an absence of averment in the complaint that the automobile driven by the unknown person came in contact with plaintiff, and it appears by affirmative averment that the plaintiff was acting defensively and took the only course to avoid being run down by the automobile, and if the obstruction in the street had not been there, plaintiff would have escaped injury. In these circumstances, the intervening or supervening cause cannot be said to have broken the natural sequence of the defendants' *continuing act of negligence*—negligently leaving the obstruction in a public street or road—so as to stand in and of itself an efficient cause of the injury and

damage. Williams, Adm'r, v. Woodward Iron Co., 106 Ala. 254, 17 So. 517; Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512; Hall v. Seaboard Air Line Ry. Co., 211 Ala. 602, 100 So. 890; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A.L.R. 1; Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610.

The demurrer to the complaint was properly overruled.

The evidence shows that the defendants were engaged in completing the approaches to a bridge or viaduct on Elm street, in the city of Troy, which they had constructed, and the obstruction on said street was a barricade and detour sign placed across the street to protect the work of construction. The barricade had been moved to one side leaving a space for vehicles to pass along Elm street which leads into Brundidge street on the approach to the bridge.

The plaintiff offered evidence going to show that the barricades maintained on Brundidge street during the work had been removed opening said street and Elm street to traffic, and that immediately after plaintiff's injury, the barricades were removed by the defendants entirely off of Elm street.

The defendants' evidence, on the other hand, tended to show that the work had not been entirely completed, that they were hauling dirt to fill in the sides of the approach to the bridge, and that the partial opening of Elm street at the barricade was to allow trucks engaged in hauling dirt for such purpose to pass; that the barricade was of the type prescribed by the State Highway Commission for such work.

The gravamen of the complaint is that said barricade was negligently left on said street.

■ If the barricade was maintained by authority of the city of Troy or other public authority having jurisdiction over the locus in quo, and was necessary for the protection of the work and the public in connection therewith, it could not be said that it was negligently left on the street.

■ On the other hand, if the work had progressed to where the barricades were unnecessary, and the barricades were removed from the streets leading into Elm street, and said streets were opened to the public, and the barricade on Elm street was unnecessary to protect the work and the public, these facts would authorize an inference that the act of leaving such barricade in Elm street was negligent.

The evidence further goes to show that while the plaintiff was riding his bicycle along Elm street and just as he was approaching the opening at the barricade, an automobile approached to his rear, and to avoid being run down by the automobile, he left the lane leading into the opening, and in doing so ran into the barricade, in consequence of which he was injured. The automobile did not come in contact with the plaintiff.

■ In the light of the evidence and its tendency, a case for jury decision was presented, and it was sufficient to support the conclusion that the defendants were negligent in leaving the barricade in the street; that such negligence was a proximate cause concurring with the negligence of the automobile driver to produce plaintiff's injuries. Alabama Power Co. v. Bass; Morgan Hill Paving Co. v. Fonville; Clendenon v. Yarbrough, supra.

The court therefore did not err in refusing the affirmative charge requested by the defendants, and it cannot be affirmed on the evidence that the verdict of the jury was contrary to the great weight of the evidence.

■ Charges 1 and 8 use the word "believe" instead of the words "reasonably satisfied," the appropriate term of the law to express the measure and quantum of proof to justify a conclusion of liability or nonliability on an affirmative issue. Birmingham Belt Ry. Co. v. Nelson, 216 Ala. 149, 112 So. 422; Kelly v. Hanwick, 228 Ala. 336, 153 So. 269.

■ It was not necessary to the defendants' liability for their negligence that they should be able to anticipate the precise injury or act causing such injury. Armstrong, Adm'x, v. Montgomery Street Ry. Co., 123 Ala. 233; 244, 26 So. 349; Alabama Power Co. v. Bass, supra; 22 R.C.L. 125, § 12. This principle justified the refusal of charges 2, 3, 6, and 7. Moreover, these charges possess misleading tendencies.

The record and proceedings of the circuit court appear free from error, with the result that the judgment must be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.