256 So.2d 900

Henry W. O'NEAL

v.

Jessie M. FLOWERS.

Henry W. O'NEAL

v.

Clyde FLOWERS.

I Div. 50, I Div. 50–A.

Court of Civil Appeals of Alabama.

Dec. 22, 1971.

Rehearing Denied Jan. 12, 1972.

Inge, Twitty, Duffy & Prince, Mobile, for appellant.

Hand, Arendall, Bedsole, Greaves & Johnston and Jerry A. McDowell, Mobile, for co-defendant Rush, Skid & Pallet Co.

Cunningham, Bounds & Byrd, Mobile, for appellees.

WRIGHT, Judge.

Appellant was one of two defendants in tort actions brought by Jessie M. Flowers and her husband Clyde Flowers. The complaints charged the injury and damages of plaintiffs were the proximate result of the concurring negligence of appellant and defendant, Rush, Skid & Pallet Company.

The accident out of which the claimed injuries and damages arose, occurred when Mrs. Flowers' automobile was struck from the rear while stopped at an intersection, by a truck driven by appellant O'Neal, but which truck was owned by defendant Rush. It was alleged that O'Neal negligently operated the truck which he had taken to repair; that Rush knew, or had reason to know, that the truck had a defective belt on its air brake system which could come off and render the brakes inoperative, and that Rush negligently delivered the truck to appellant in such condition knowing, or.

**476**

having reason to anticipate, that O'Neal would drive the truck on the public highway. The concurring acts of negligence of the defendants were charged to be the proximate cause of plaintiff's injury and damages.

Upon trial by jury, verdict and judgment was rendered in favor of plaintiffs and against defendant O'Neal. O'Neal, after denial of motion for new trial brings this appeal.

There is one assignment of error. Reversal of the judgment is sought for the giving of the following written charge requested by defendant Rush:

"Charge 8. The Court charges the jury that where two distinct, successive causes, unrelated in operation, to some extent contribute to an injury, it is settled that where there is an intervening and direct cause, a prior and remote cause cannot be made the basis for recovery of damages, if such prior cause did no more than furnish the condition, or give rise to the occasion by which the injury was made possible. Where two distinct, successive causes, unrelated in their operation, co-join to produce a given injury, one of them must be the proximate, and the other the remote cause of the injury, and only the proximate cause is actionable. That is to say, if it had not been for the intervention of a responsible third party the negligence of one of the defendants would have produced no damage to the plaintiff, then that defendant is not liable for the general reason that causal connection between negligence and the injury is broken by the interposition of the actions of the third party.

GIVEN,
/s/ William D. Bolling, Judge"

■ Appellant contends that the charge is defective in that it is an erroneous statement of applicable law. We cannot agree that the charge incorrectly states the applicable law of proximate cause insofar as it goes. It may be argued that it is incom-

plete, but it is, as a practical matter, often difficult if not impossible to cover in a written charge a principle of law so completely as to remove possible exceptions. The absolute correctness of a statement of law in a given case is largely dependent upon the facts in evidence. This is particularly applicable to definition of proximate cause and intervening cause as applied to concurring negligence cases.

Appellant concedes that the charge complained of is largely taken from the statements of the court in the case of Garrett v. L. & N. R. R. Co., 196 Ala. 52, 71 So. 685. It is so. This is not the first time a charge has been taken from or predicated upon the statements in the decision in that case. Such a charge was considered in the case of Clendenon v. Yarbrough, 233 Ala. 269, 171 So. 277. It was determined not to be an erroneous statement of the law even though possibly incomplete. The same charge as in *Clendenon* was considered in Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279, and found to be not an improper statement of law.

Though the charge here is more verbose and broader in scope than the charge considered in *Clendenon*, supra, and *Russell*, supra, it does not incorrectly state the law as defined in Garrett v. L. & N. R. R. Co., supra. We do not understand appellant to contend that the law as to proximate, remote and intervening cause as stated in *Garrett* is incorrect. His contention appears to be that a charge drawn from a statement in an appellant decision is suspect. This contention may often prove true if such statement was made in reference to the particular factual situation in that case.

Such was not the case in *Garrett*. In fact, the statements in the charge lifted from *Garrett* were not original with the author of that decision, but were themselves lifted from a case of the United States Supreme Court, (Atchison, etc., Ry. Co. v. Calhoun, 213 U.S. 1, 29 S.Ct. 321, 53 L.Ed. 671); a Kansas case (Mo. Pac. Ry.

Co. v. Columbia, 65 Kan. 390, 69 P. 338), and from Wharton on Negligence.

Our examination of the charge discloses that it is a paraphrase of the quotations from the listed authorities in *Garrett.* Our research indicates that the source of such a charge could have been Negligence, 57 Am.Jur.2d, Secs. 176–196. It could have been accumulated collectively from the following quotations:

"It is true that the law will consider only the proximate cause and not a remote cause where there are two or more causes of injury. . . . It is also true that where a prior cause merely created the condition or gives rise to the occasion and after the condition has been created an intervening agency produced the injury, the first is not the proximate cause. . . ." Morgan v. City of Tuscaloosa, 268 Ala. 493, 108 So.2d 342. "There is clear distinction between causal connection and proximate cause. Causal connection may appear though the negligent act be the remote and not the proximate cause, but to constitute actionable negligence the plaintiff must not only show causal connection between the negligent act and the injury, but the negligent act must be the proximate cause. . . . Where the act is one of omission, causation is established when the doing of the act would have prevented the result, though the omission of duty might not be the proximate cause. On the other hand, if the result would have happened just as it did, regardless of the omission of duty, the failure to perform the duty is not a factor, and causal connection would not appear." Ala. Power Co. v. Bass, 218 Ala. 586, 119 So. 625.

In Clendenon v. Yarbrough, supra, the court quoted from 22 R.C.L. 132 as follows:

"Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercising of reasonable diligence by the wrongdoer, and except for which the final injurious consequences would not have happened, the second cause is ordinarily regarded as the proximate cause and the other as the remote cause. As had been aptly said, 'the intervenor acts as a nonconductor and insulates the negligence.' "

The same principles of the above quotations may be found in Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610, and L. & N. R. R. Co. v. Courson, 234 Ala. 273, 174 So. 474.

We find Charge 8 to be an accurate, though perhaps incomplete statement of the law. A charge which correctly states a principle of law, though it may be incomplete, is not ground for reversal.

Appellant states in brief that a portion of the charge is "ridiculous" and according to its wording there can be but one proximate cause of an injury unless two causes occur simultaneously. The portion of the charge appellant refers to is as follows:

"Where two distinct, successive causes, unrelated in their operation, co-join to produce a given injury, one of them must be proximate, and the other the remote cause of the injury, and only the proximate cause is actionable."

This part of the charge taken out of context and without further explanation or amplification is misleading and difficult to understand. However, it was followed immediately by the following:

"That is to say, if it had not been for the intervention of a responsible third party the negligence of one of the defendants would have produced no damage to the plaintiff, then that defendant is not liable for the general reason that causal connection between negligence and the injury is broken by the interposition of the actions of the third party."

The latter quoted part of the charge greatly enlarges the first and tends to explain it. The part of the charge cited as "ridiculous" comes nearly verbatim from Garrett v. L. & N. R. R. Co., supra. It appears clear that the meaning of the statement is that "two distinct, successive causes, unrelated in operation," are not in fact *concurrent causes*. "Concurrent causes" may be defined as two or more causes which run together and act contemporaneously to produce a given result or to inflict an injury. This does not mean that the causes or the acts producing the causes must necessarily occur simultaneously, but they must be active simultaneously to efficiently and proximately produce the result.

The trial court gave an excellent oral charge in this case. Charge 8, though somewhat complex, perhaps confusing, perhaps misleading to some degree, attempts to present to the jury a complex and confusing principle of law—that of legal or proximate causation in a negligence case when there are alleged concurring, independent acts or causes. We do not think the charge, when taken with the oral and other written charges, was so misleading, confusing or incomplete as to indicate an injurious effect upon the jury.

It has been repeatedly held that giving a written charge which merely is misleading, confusing or incomplete, is not a basis for reversal, but an explanatory charge should be requested. Russell v. Relax-A-Cizor Sales, Inc., supra; First Nat. Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18. The difficulty courts and textwriters have experienced in attempting to arrive at a workable and understandable definition of proximate cause is indicated by the great variety in form and content of definitions used. Few, if any, of such definitions are completely clear and satisfactory, because the terms used therein, will themselves need definition. Thus the whole of the court's instructions must be considered in determining if the jury has been adequately informed and not misled. Russell v. Relax-A-Cizor Sales, Inc., supra.

We do not place our approval upon the form and content of Charge 8, but we do not consider it basis for reversal in this case. Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

Affirmed.