Petitioners Jimmy and Wanda Maness filed suit in the Circuit Court of Talladega County against Weogufka Volunteer Fire Department, a domestic corporation not doing business in Talladega County; Steve Dyess, Harold G. Moore, and C.B. Culver, all residents of Coosa County; and James Jacks, a resident of Talladega County at the time of the commencement of suit. Jacks subsequently received a summary judgment in his favor, and the remaining defendants filed a motion for change of venue to Coosa County. The motion was granted. Petitioners then brought this petition seeking a writ of mandamus to be directed to the circuit judge in Talladega County ordering that the transfer be set aside or a writ of prohibition preventing the transfer to Coosa County. For the reasons discussed herein, we grant the petition for writ of mandamus.
Under ARCP 82 (b)(1)(A), actions against resident individuals of the State of Alabama must be brought in the county where "any material defendant resides at the commencement of the action." Under ARCP 82 (c), "[w]henever an action has been commenced in a proper county, additional claims and parties may be joined . . . as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties." Rule 82 (d) provides for transfer of actions where venue is improper, but the Committee Comments make it clear that this applies "only where the original venue was not proper." The Comments to subdivision (c) state that "[t]he correct principle seems to be that once venue is properly laid, other claims and parties may be joined as ancillary to the original action regardless of venue requirements."
Thus, a transfer is not authorized under the Rules unless venue was incorrect at the outset of the suit. If venue was proper as to defendant Jacks, a resident of Talladega County, then it would be proper as to the other defendants under the ancillary venue provisions of Rule 82. Respondents, however, contend that Jacks was not a "material defendant," in the language of the Rule, but merely a nominal party joined for the purpose of defeating the operation of the venue statute. They contend that this is established by the trial court's granting of Jacks's motion for summary judgment. This is a misinterpretation of the term "material defendant." For the purpose of establishing venue, a "material defendant" is one whose position is antagonistic to that of the plaintiffs because relief is sought against him. Alabama Youth ServicesBoard v. Ellis, 350 So.2d 405 (Ala. 1977).
 Where there are several defendants and the residence of one is made determinative of the venue of the action, the complaint must state a cause of action against the said defendant; it must show that the resident defendant has an interest antagonistic to the plaintiff and the resident defendant must be a party against whom relief is sought. Ex parte Morton, 261 Ala. 581, 75 So.2d 500. The resident defendant must be a real and bona fide defendant whose interest in the result of the action is adverse to that of the plaintiff with respect to the cause of action against the other defendant. 56 Am.Jur., Venue, § 30; 92 C.J.S. Venue § 96.
Copeland v. Loeb, 269 Ala. 295, 297, 112 So.2d 475 (1959). *Page 431 
In this case, petitioners have filed a valid complaint stating a cause of action against Jacks; their interests are certainly antagonistic to his, whether or not they were able to produce sufficient evidence to prove their claim. There is no requirement that a plaintiff be successful in his quest for relief against a defendant for that defendant to be "material." Thus, the dismissal from a lawsuit of a defendant as to whom venue was originally proper will not render venue improper as to the remaining defendants, who were brought in under the ancillary venue provision of Rule 82 (c).
Further, we hold that the question of venue was not timely raised by respondents. Under ARCP 12 (h)(1), improper venue is waived "if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15 (a) to be made as a matter of course." Here, defendants' motion for change of venue was not made until ten months after their pleadings. It was, therefore, waived.
The petition for writ of mandamus is granted.
WRIT GRANTED.
JONES and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur in the result.