This case involves a suit brought by Billy Uptain seeking damages for an automobile accident caused by the alleged negligence of Marshall County. The jury returned a verdict in favor of Uptain, awarding him $40,000. We affirm.
An automobile driven by Mr. Uptain was struck by an automobile driven by Judy Kaylor at the intersection of McVille Road and a cut-off road in Marshall County. Mr. Uptain was traveling on McVille Road and Judy Kaylor was traveling on the cut-off road. A stop sign had been located on the cut-off road, stopping traffic entering or crossing over McVille Road. Testimony at trial indicated that the stop sign had been knocked down for almost two years. Marshall County did not re-erect the stop sign prior to the accident. Uptain filed a claim with Marshall County in accordance with Code, 1975, §6-5-20, on September 9, 1979. Uptain also filed an action against the Kaylors and Marshall County in the home county of the Kaylors, DeKalb County, on October 12, 1979, less than ninety days after filing a claim with Marshall County. Mr. Uptain reached a pro tanto settlement with the Kaylors, but proceeded to trial against Marshall County. The jury found that the negligence of Marshall County in failing to maintain the stop sign was the proximate cause of Uptain's injury.
Marshall County assigns four points as error on appeal. First, the appellant asserts that venue against Marshall County is improper. Second, the appellant claims that the failure of Mr. Uptain to postpone filing his action until after his claim against Marshall County was disallowed bars his recovery. Finally, Marshall County argues that the trial court erred in failing to instruct the jury that as a matter of law it must render a verdict in favor of Marshall County and that the trial court erred in failing to give the appellant's requested charges concerning intervening causes.
Alabama Rule of Civil Procedure 82 (c) provides that "[w]henever an action has been commenced in a proper county, additional claims and parties may be joined without regard to whether that county would be a proper venue for an independent action on such claims or against such parties." Thus, venue in DeKalb County was proper since venue was proper there in an action against the Kaylors, regardless of whether, in an independent action, venue would be proper there for Marshall County. Marshall County argues that by Uptain's reaching a pro tanto settlement with the Kaylors, venue was rendered improper in DeKalb County. But the law in Alabama is clear: "The dismissal from a lawsuit of a defendant as to whom venue was originally proper will not render venue improper as to the remaining defendants, who were brought in under the ancillary venue provision of Rule 82 (c)." Maness v. Weogufka VolunteerFire Department, 386 So.2d 429 (Ala. 1980). The appellants argue that the holding of this Court in Maness v. WeogufkaVolunteer Fire Department, is not applicable when the plaintiff voluntarily dismisses the venue defendant. We disagree. The rationale of Maness is applicable whenever the defendant upon whom venue is established is a material defendant. There is no doubt that the Kaylors are material defendants since their interests are antagonistic to those of the plaintiff. See id.
at 430. *Page 425 
Section 6-5-20 provides that an action shall not be commenced against a county until the claim is presented to and disallowed by the county commission. The county commission's failure to act on the claim within ninety days constitutes a disallowance. Marshall County asserts that by filing the action against it before the expiration of the ninety day period, the appellee is barred from recovering on his claim. Uptain presented the claim to the commission and alleged the presentation in his complaint. See Rice v. Tuscaloosa County, 242 Ala. 62,4 So.2d 497 (1941). The effect of endorsement of appellant's argument would be to require Uptain to have dismissed the suit before the end of the ninety days and refile it after expiration of the period. Failure to do so would result in a loss of the cause of action. Such a result would conflict not only with the purpose behind the statute, but would conflict with the policies embodied in the Rules of Civil Procedure. Rule 1, ARCP, provides that the rules be "construed to secure the just, speedy, and inexpensive determination of every action." Section6-5-20 was enacted to provide county governing bodies with notice of claims against the county. Requiring a plaintiff to dismiss and refile an action, even when a claim has been filed with the county commission, would serve no reasonable purpose. We hold that once the ninety days expired without action, the disallowance occurred and the defect was cured. The answer filed by the county denying its liability also supports the position that the claim was disallowed. This holding does not mean that a plaintiff may neglect to file a claim with the county commission. An action may not be commenced against a county until the claim is presented.
Marshall County submitted four proposed jury charges which, in effect, required the jury as a matter of law to render a verdict in favor of the county. The appellant asserts that its negligence is not the proximate cause of Uptain's injury and that no issue of fact exists. We disagree. The question of proximate cause is almost always a question of fact to be determined by the jury. See Roberts v. Meeks, 397 So.2d 111
(Ala. 1981); Lawson v. General Telephone Co. of Alabama,289 Ala. 283, 267 So.2d 132 (1972). The question must go to the jury if reasonable inferences from the evidence support the theory of the complaint. Lawson v. General Telephone Co. ofAlabama, 289 Ala. 283, 267 So.2d 132 (1972); Union Central LifeInsurance Co. v. Scott, 286 Ala. 10, 236 So.2d 328 (1970). The question of whether Marshall County's alleged negligence was the proximate cause of Uptain's injuries was a question of fact and properly submitted to the jury.
Marshall County also requested the judge to instruct the jury that if the county's negligence was "merely the cause of a condition upon which the negligence of the Plaintiff and the Defendant Judy Kaylor, or either of them, operated to bring about the wreck complained of then you cannot return a verdict against the Defendant Marshall County." The trial court instructed the jury as follows:
 Proximate cause is also defined as that cause, which in the natural and probable sequence of events and without the intervention of any new or independent cause, produces injury, and without which, such injury would not have occurred. If one is guilty of negligence, which concurred or combined with the negligence of another, and the two combine to produce injury, each negligent party is liable for the resulting injury, and the negligence of each will be deemed the proximate cause of the injury.
 If you find that the sole proximate cause of the plaintiff's injury was the negligence of Judy Kaylor Phillips, then the plaintiff cannot recover against Marshall County. If, however, you find that the proximate cause of the plaintiff's injury was the combined negligence of Judy Kaylor and Marshall County, then the plaintiff could recover against Marshall County.
The Court also instructed the jury concerning the "last clear chance" doctrine and contributory negligence. In essence, the issue is whether the court should have instructed *Page 426 
the jury that if Judy Kaylor was negligent, then Marshall County could not be the proximate cause of the appellee's injuries.
"The proximate cause of an injury is the primary moving cause without which it would not have occurred, but which, in the natural and probable sequence of events, produces the injury."City of Mobile v. Havard, 289 Ala. 532, 268 So.2d 805 (1972),appeal after remand, Havard v. Palmer Baker Engineers, Inc.,293 Ala. 301, 302 So.2d 228 (1974). Negligence need not be the sole cause of injury in order to hold the negligent person liable. It is sufficient that his or her negligence, "concurring with one or more efficient causes, . . . is the proximate cause of the injury." Lawson v. General Telephone Co.of Alabama, 289 Ala. 283, 267 So.2d 132 (1972) (quoting Shepardv. Gardner Wholesale, Inc., 288 Ala. 43, 256 So.2d 877 (1972), and Chambers v. Cox, 222 Ala. 1, 130 So. 416 (1930)). When the concurring cause is another person's negligence which might reasonably be anticipated or foreseen, the original act of negligence may be regarded as the proximate cause of the injury which results. See Sullivan v. Alabama Power Co., 246 Ala. 262,20 So.2d 224 (1944); Goodwyn v. Gibson, 235 Ala. 19,177 So. 140 (Ala. 1937); Clendenon v. Yarbrough, 233 Ala. 269,171 So. 277 (1936). Clearly from the facts of this case, a jury could find that Marshall County breached a duty in failing to maintain the stop sign. It was foreseeable that as a result of this negligence, a car might travel through the intersection without stopping and as a result, an injury from an automobile accident. Thus, it was not error for the trial judge to refuse to instruct the jury that if Judy Kaylor was negligent in any degree, Marshall County could not be liable.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.