Sonia Moman filed this civil action against Gregerson's Foods, Inc. ("Gregerson's"), and Rohit Patel, alleging invasion of privacy and intentional infliction of emotional distress based on alleged sexual harassment by Patel. The trial court granted Gregerson's motion for summary judgment and made Gregerson's summary judgment final pursuant to Rule 54(b), A.R.Civ.P. Moman appeals. We affirm.
On February 11, 1985, Moman was hired by Gregerson's to work as a part-time cashier in its "midtown store" in Gadsden, Alabama. In April 1985, Moman was seriously injured in an automobile accident and had to take a six-week leave of absence from work. Upon returning to work, Moman discovered that she could no longer endure the long hours of standing required by her job as a cashier and, at her request, was transferred to the pharmacy of the store.
Moman was responsible for assisting the pharmacist and was given a pay increase after she had worked in the pharmacy for 60 days. In October 1986, Rohit Patel began working as a relief pharmacist and, in February 1987, he replaced the full-time pharmacist at the store. Moman testified that while Patel was relief pharmacist, and *Page 1216 
continuing after he became the full-time pharmacist, his work hours often coincided with hers. During the times they worked together, Moman alleges, Patel engaged in physical and verbal sexual harassment of Moman. Among other things, Moman alleged that Patel made inquiries into her personal life, told dirty jokes, used very foul language, touched her in a sexual way, and told her that he would take care of her if she would "treat him right." Moman testified that she never complained to anyone other than Patel because she was afraid no one would believe her.
When Moman's hours, along with those of the other pharmacy assistants, were cut from 30 to 35 hours per week to 20 hours per week, she quit her job with Gregerson's. Moman filed for unemployment compensation benefits, but the Alabama Unemployment Compensation Agency ("the Agency") found that she had left Gregerson's "without good cause connected with work" and issued a decision disqualifying her from receiving unemployment compensation benefits.
Moman appealed the Agency's decision and, on June 9, 1987, the State Department of Industrial Relations ("the Department") held a hearing. The Department reversed the Agency's ruling, finding that Moman had "quit work due to sexual harassment and mistreatment which included sexual advances, suggestive remarks, vulgarities, and physical abuse," and held that Moman was entitled to receive unemployment compensation benefits. Gregerson's did not appeal the Department's decision.
For Gregerson's to be liable for an employee's misconduct, the employee must have been acting within the line and scope of his employment or else Gregerson's must have ratified, confirmed, or adopted the unauthorized wrongful conduct of the employee. Joyner v. AAA Cooper Transportation, 477 So.2d 364,365 (Ala. 1985). Moman argues that Gregerson's ratified Patel's alleged misconduct in two ways: First, because two other female employees had complained about Patel's using foul language and telling dirty jokes and Gregerson's had done nothing about it; and second, because Gregerson's did not appeal the Department's decision that granted Moman unemployment compensation based upon the Department's finding of sexual harassment. We conclude, however, that in neither instance did Gregerson's ratify Patel's alleged misconduct.
Although the facts in this case are somewhat similar to the facts presented in Busby v. Truswal Systems Corp.,551 So.2d 322 (Ala. 1989), Busby is nevertheless distinguishable. InBusby, four female employees alleged outrageous conduct and invasion of privacy against a supervisor and against their employer. Specifically, the plaintiffs alleged that their supervisor had repeatedly subjected them to various forms of sexual harassment. Unlike the evidence here, however, the evidence in Busby tended to show that the four employees had complained of the incidents of sexual harassment, complaining both orally and in writing, on numerous occasions to the alleged harasser's supervisor. Despite the complaints, the alleged conduct continued. This Court held that the employer's failure to stop the alleged behavior, despite numerous complaints over a period of months, raised an issue of fact as to whether the employer had ratified such conduct. For a discussion of the respondeat superior theory, see, Doe v.Swift, 570 So.2d 1209 (Ala. 1990).
In this case, although there is evidence that two other employees had complained to Stan Clark, Gregerson's controller, their complaints were limited to Patel's use of foul language toward customers and other "silly stuff." There is no evidence that anyone in Gregerson's management had reason to know of Patel's alleged misconduct toward Moman. In fact, Moman stated that, because she was afraid no one would believe her, she had complained only to Patel himself. Further, Moman testified in her deposition that she had no reason to believe that anyone in Gregerson's management knew of Patel's alleged misconduct. Without knowledge of the alleged misconduct, Gregerson's can not be found to have ratified the conduct. *Page 1217 
Moman also argues that Gregerson's ratified Patel's alleged misconduct when it failed to appeal the Department's decision reversing the Agency's ruling and granting Moman unemployment compensation benefits based upon a finding of sexual harassment. The Department's ruling, however, in no way suggests liability on the part of Gregerson's on this claim alleging sexual harassment.
Moman can prevail on her ratification theory only if the facts invoke the "issue preclusion" rationale of the doctrine of res judicata.[1] No lengthy discussion of this doctrine is necessary to demonstrate its inapplicability to this case. Suffice it to say that the purpose and design of the statutory scheme of unemployment compensation is totally unrelated to the requisite elements of common law liability for sexual harassment in the workplace. The "for good cause connected with the workplace" criterion, as a requisite element to collect unemployment benefits does not equate with the employee's burden of proof in Moman's claim against Gregerson's for damages in the instant suit.
For the reasons stated, we find no basis for the reversal of the judgment for Gregerson's.
AFFIRMED.
HOUSTON and KENNEDY, JJ., concur.
HORNSBY, C.J., and SHORES, J., concur in the result.
[1] For a recent discussion of this doctrine and its application, see Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala. 1990).