KENNEDY, Justice.
The plaintiff appeals from a judgment based on a directed verdict in favor of the defendant, Magic City Trucking Service, Inc. (“Magic City”). The issue is whether the trial court erred in directing a verdict for Magic City based on its determination that Magic City was not liable for the acts of its employee, David King, in threatening and chasing the plaintiff with a snake.
The plaintiff, Sarah Conner, was employed by A-Pac, a company that was building a roadway. A-Pac had subcontracted to Magic City the hauling and dumping of dirt on the road project. Conner was responsible for tallying the amount of dirt each Magic City truck brought in on behalf of A-Pac, by punching holes in a ticket for each truck; the holes indicated the amount of dirt hauled. Also, when a driver was ready to dump the dirt from the truck, Conner would often release the truck’s exterior dumping mechanism (the “latch”) as a courtesy to the driver, who otherwise would have had to climb out of the truck to release the latch.
On June 25,1985, Conner was at her post punching tickets, when a Magic City truck approached, driven by Magic City employee King. King was wearing a Halloween mask. Conner punched King’s load ticket but was generally unresponsive to King, who stared at her. King eventually asked, “You’re not going to say anything?” Conner did not comment or respond to this question, and King left. King later returned to Conner’s post with a second load of dirt, this time without the mask. Conner punched his load ticket, and King told her to release the dumping latch on his truck quickly or else he would “put his friend” on her. Conner attempted to release the latch but could not get it to move. Conner told King, who had a tool for forcing the release of the latch, to release the latch himself. King again threatened to “put [his] friend” on her if Conner did not quickly release the latch. Immediately thereafter, Conner saw that King was holding a large snake. King started chasing Conner with the snake. Conner said she observed King’s Magic City supervisor laughing as she ran from King. Eventually King gave up the chase and threw the snake at Conner. Conner ran until she collapsed. Thereafter, Conner left work for the day and sought medical treatment for dizziness and a headache.[1]
Conner alleged at trial that she had suffered from headaches and from hair and weight loss, that she was laid off because she could no longer function effectively at work, that she continued to suffer from “nervous problems,” and that she had suffered from chest pains and an aggravated hypertensive condition as a result of the incident.
Originally, Conner sued both King and his employer, Magic City; she was unable to perfect service on King and went to trial against Magic City alone, on a theory of respondeat superior. At the close of Conner’s evidence, Magic City moved for and was granted a directed verdict.
In directing the verdict, the trial court stated:
“The Plaintiff in this case had the burden of proving that ... Magic City Trucking Service was liable for the action of Mr. King_ [B]ut the law will not allow the acts of [King] to be imputed to his employer, Magic City.... There’s nothing to establish in any way that what [King] was doing was in fur *1050 therance of his employer's goals or business. He departed from that when he did this. There’s nothing to show they ratified or approved his action....”
We agree with the trial court.
Conner had a burden of showing that, in regard to the incident at issue, King was acting within the line and scope of his employment with Magic City or, in the alternative, that Magic City ratified King’s acts. Joyner v. AAA Cooper Transportation, 477 So.2d 364, 365 (Ala. 1985).
In reviewing the entry of a directed verdict, we must view the evidence in a light most favorable to the nonmoving party. Ex parte Hicks, 537 So.2d 486, 488 (Ala.1988). If the moving party carries the burden of showing that there is a complete absence of proof on a material issue or that there are “no controverted questions of fact on which reasonable people could differ,” then the movant is entitled to a directed verdict. Deaton, Inc. v. Burroughs, 456 So.2d 771, 775 (Ala.1984). On the other hand, if the nonmoving party has produced substantial evidence in support of his or her claim or defense, then the moving party is not entitled to a directed verdict. Ala. Code 1975, § 12-21-12. “Substantial evidence” is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ala.Code 1975, § 12-21-12.
Here, we find no substantial evidence that would support a finding that King was acting within the line and scope of his employment with Magic City at the time of the incident or that Magic City ratified King’s acts.
Acts that an employee has done for some purpose of his or her own are not done within the line and scope of the employee’s employment. Hendley v. Spring-hill Memorial Hosp., 575 So.2d 547, 551 (Ala.1990). Moreover, even though an employee may have been engaged previously in acts for the benefit of the employer, if the employee wholly abandons, even temporarily, the employer’s business for personal reasons, then the employer is not liable for the employee’s actions during the lapse. Id. at 550.
In Western Ry. of Alabama v. Milligan, 135 Ala. 205, 33 So. 438 (1902), this Court examined a case brought under the Employer’s Liability Act, a statutory codification of the common law.[2] In that case, a supervisor had tickled an employee, causing that employee to accidentally throw his hand into a cutting machine. This Court stated that this act by the supervisor “bore no sort of relation to that work, but was a mere casual pleasantry or act of fun making.” 135 Ala. at 207, 33 So. at 439. Accordingly, this Court held that the supervisor’s employer was not liable for his act. 135 Ala. at 208, 33 So. at 439.
In Kirby v. Louisville & Nashville R.R., 187 Ala. 443, 65 So. 358 (1914), this Court examined another claim under the Employer’s Liability Act. In that case, an employee had turned a compressed air hose on another employee in horseplay. Concluding that the case was to be resolved on common law principles of duty and liability, this Court stated, “[W]e find no evidence to justify the trial court in submitting this case to the jury.... [T]he accident for which this action was brought, was the proximate result of ... playful carelessness _ [T]he acts ... were purely gratuitous and playful, and had no connection with [the] employment.” 187 Ala. at 447-48, 65 So. at 359.
Here, King’s actions were a marked and unusual deviation from the business of Magic City. It cannot be said that King’s poor practical joke was in furtherance of Magic City’s business. Therefore, it was not within the scope of his employment.
Nevertheless, even where an employee is not acting within the line and scope of his employment, the employer is liable for the employee’s wrongful conduct if the employer “ratified, confirmed, or adopted the un *1051 authorized wrongful conduct of the employee.” Moman v. Gregerson’s Foods, Inc., 570 So.2d 1215, 1216 (Ala.1990).
Conner argues on appeal that the laughter of the Magic City supervisor during the incident constituted ratification of King’s actions. We disagree. Proof of laughter, under such bizarre circumstances, is legally insufficient proof of ratification. It is common for individuals to react, consciously or not, to bizarre antics with laughter even when they disapprove of the behavior. Therefore, under these facts, we find that the alleged laughter is not substantial evidence of ratification.
Because the evidence shows that King was not acting within the line and scope of his employment at the time of the incident, and because there was insufficient proof of ratification, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES and HOUSTON, JJ., concur.
HORNSBY, C.J., concurs in the result.

. There were no allegations at trial that Conner was bitten by the snake or that it was a poisonous snake,

. This case does not arise under the Employer’s Liability Act.